## MARTIN HERINGER *vs.* UNDERWOOD TYPEWRITER COMPANY.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

A verdict should not be directed where more than one conclusion is reasonably open to the jury upon the evidence before them.

A motion to direct a verdict should be made only in rare instances and should be granted with great caution, for the same end can be attained after a full trial and with greater opportunity for reflection and consideration, upon a subsequent motion to set the verdict aside.

The evidence in the present case reviewed and the action of the trial court in directing a verdict for the defendant *held* erroneous.

Argued October 28th—decided December 23d, 1925.

ACTION to recover damages for injuries to the plaintiff's automobile and to his person, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.;* the court directed a verdict for the defendant, and from the judgment rendered thereon the plaintiff appealed. *Error and new trial ordered.*

*George E. Beers* and *Irving G. Smith,* for the appellant (plaintiff).

*Harrison T. Sheldon,* with whom was *Charles A. Watrous,* for the appellee (defendant).

PER CURIAM. The direction of the verdict can be sustained in case the reasoning mind could not rea-

sonably reach another conclusion upon the evidence. *Perry* v. *Haritos,* 100 Conn. 476, 482, 124 Atl. 44. Examining the evidence, we find the jury might reasonably have found that the plaintiff was driving his Ford touring car, of the 1917 make, from Meriden south to Wallingford, at about one o'clock in the afternoon of June 13th, 1924, having as a guest in the car Mrs. Sarer. On the way the plaintiff followed a large five-ton Mack truck of the defendant company upon a curved road for some distance, and when he came to a straight road with a clear view ahead he blew his horn a number of times and increased the speed of his car from twenty to twenty-five or twenty-eight miles an hour and passed the truck on its left or east side. After passing the truck about thirty or forty feet, the plaintiff turned to the right and straightened out his car on the right side of the road, and shortly the truck and Ford car collided. The Ford car, after the impact, was found upon the right or west side of the highway, turned upon its right side and badly damaged. Mrs. Sarer was found lying in the gutter on the right side of the road and near the shoulder of the road. North of the Ford car about forty feet was the truck, which was painted green. Upon the left front fender of the Ford car was some green paint, apparently mashed onto it. On the Warrenite pavement, on the right side of the center of the traveled way and north of the overturned Ford car, were scratches in the pavement for a distance of about twenty feet, as if made from the front axle of the car being dragged along the pavement. The plaintiff put upon the witness stand the driver of the Mack truck, who testified that the Ford car ran into the truck. The defendant introduced no evidence, but moved for a directed verdict, which motion the court granted.

Upon this evidence there were two possible conclu-

sions:   One, that the Ford car ran into the truck as
the truck was passing it upon its left; the other, that
the truck ran into the Ford car after it had passed the
truck, either striking it in the rear or side, and dragging
it along the pavement and overturning it upon its
right side.   That the Ford car had passed the truck
before the collision is indisputable upon this evidence.
The location of the overturned car upon the shoulder
on the right side of the highway, and Mrs. Sarer, a
guest in the car, found in the gutter on the right side
of the highway, would justify the jury in making the
reasonable inference that the truck collided with the
car in its rear or left side rather than that the car ran
into the truck, since in the latter case, the truck, pass-
ing the car on its left, neither the car nor the guest
would be likely to be found in the position in which
they were found.   The scratches on the right side of
the pavement would also permit reasonable inference
that the car did not run into the truck near the center
of this highway, and could not, in that condition, have
been dragged for twenty feet along the pavement.
The green paint upon the left front fender would have
justified the jury in making reasonable inference that
it came from the green truck and was not likely to
have come upon the left front fender if the car ran
into the truck, but was more likely to have been mashed
upon it when the car was under the truck after the
truck ran into it.   If the jury believed that the car
passed the five-ton truck at a speed of twenty-five to
twenty-eight miles an hour, and had gone about thirty
or forty feet beyond the truck when, shortly thereafter,
the collision occurred, the jury would have been justi-
fied in disbelieving the driver of the truck that he had
caught up to the car and, when about to pass it on
its left, the car turned to the left and ran into the
truck.   The evidence could undoubtedly have been

clearer; as it stood, it did not afford any ground for the making or the granting of the motion.

A motion for a directed verdict, under our practice, should rarely be made. It is only permissible in the exceptional case. We repeat what we so recently said in *Ulrich* v. *New York, N. H. & H. R. Co.*, 98 Conn. 567, 570, 119 Atl. 890: "The same end can be reached by setting aside the verdict after the plaintiff has been accorded a full trial of his cause. The fact that the directed verdict may, by the large expense entailed in printing the evidence, result in the inability of the defeated litigant to have the directed verdict reviewed, should make the trial judge especially careful to be sure of this issue before directing a verdict, and if any question remains in his mind as to the ruling, he ought to deny the motion to direct. Subsequently, upon the motion to set aside the verdict, he can examine the evidence in the light of our law with deliberation and reflection and arrive at his conclusion apart from the haste and pressure of the court-room."

There is error and a new trial is ordered.