MARY MASCOELA *vs.* WISE, SMITH & COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued November 6th—decided December 3d, 1935.

*Albert B. Walker,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom was *Adrian W. Maher,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries suffered when she fell while descending a stairway in the store of the defendant. The jury rendered a verdict for the defendant and the plaintiff has appealed from the refusal of the trial court to set it aside and from the judgment. There seems no serious dispute that the plaintiff's fall was due to slipping upon a small piece of fruit which was upon the stairway. .There was no evidence that any employee of the defendant knew of the presence of the fruit there. The plaintiff's fall occurred about 4 o'clock, and while there was testimony by one witness that she saw the piece of fruit upon the stairway about 3.15, a witness for the defendant gave testimony which, if believed by the jury, would have justified them in finding that it was not there at 3.30, and they might well upon the evidence have concluded that, in view of that testimony, the plaintiff had failed to prove that the defendant in the exercise of reasonable care should have discovered it in time to remove it before the plaintiff descended the stairway. Apparently recognizing this, the plaintiff in her brief largely rests her right to recover upon the claim that the evidence indisputably established that the porter employed by the defendant had been instructed to inspect the stairway to see if it was clean at least once an hour and sometimes oftener, that he had gone down it about 3 o'clock but did not do so again until 4.30 or a little later. The testimony as to the exact instructions given the porter was far from precise. But granted that the jury must have accepted the facts claimed as proven, they would not as matter of law establish negligence on the part of the defendant. Unlike a

breach of a statutory regulation designed for the protection of the public, the breach of the rules and orders of an employer are not regarded in this jurisdiction as amounting to negligence in law, but are merely evidence of negligence to be considered in the light of all the other relevant testimony in the case; they are "some evidence" of negligence. *Hurley* v. *Connecticut Co.*, 118 Conn. 276, 282, 172 Atl. 86. Even if the jury found that the instructions the porter had received required him to inspect the stairway before the plaintiff's fall and he violated them, it still remained a question of fact whether, upon all the evidence in the case, including that as to the inspection customarily made and made that day by the porter and other employees and officers of the defendant, the defendant was negligent; and the jury could reasonably have found that it was not.

There was no error in the refusal of the trial court to set the verdict aside. As the verdict for the defendant upon the issue of liability must stand, the single claim of error in the appeal from the judgment, a portion of the charge dealing solely with the question of the amount of damages recoverable, is of no consequence.

There is no error.