ESTHER T. LAFLIN *v.* LOMAS & NETTLETON
COMPANY, TRUSTEE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 13—decided July 16, 1940.

*Robert L. Halloran,* with whom was *J. Ronald Regnier,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff, a tenant in an apartment house owned by the defendant, brought this action to recover for injuries suffered when she fell by reason of tripping over a toy automobile left on the step at the outer entrance of the building.  She recovered a verdict which the trial court set aside and she has appealed.  The decisive issue presented upon the appeal is whether the toy had been in a position to subject persons coming out of the entrance to danger for a sufficient length of time so that the defendant should have had notice of it.  There was no direct testimony as to the length of time it had been there. The following facts appear in evidence:  The only child in the apartment house was a three-year-old boy; on the morning of the accident he had played in the court outside the entrance while his mother was washing the windows of a first-floor apartment.  She finished about 10 o'clock and then the boy went around to the back of the building to play.  She testified that the toy was similar to toys which the boy had had previous to the accident but could not identify the particular toy as one of his. There was no evidence that he had been playing with a similar toy that morning. The fall of the plaintiff occurred between 11.15 and 11.30 o'clock in the morning. The plaintiff testified that she had been in her apartment all the morning previous to leaving it at the time of the accident; that the tenants of the building using the entrance usually left about 8.30 in the morning; that she could hear when persons passed through it; and that she heard no one using it after that hour and was quite sure that she would have heard anyone who did so.  It also appeared in evidence that other people than the tenants, such as tradesmen, insurance agents, and the like, at times did use the entrance, and that children from an adjoining building at times played in the

courtyard, although the janitor, who was on vacation at the time of the accident, drove them away whenever he discovered them. Upon the basis of this testimony, the plaintiff claimed that the jury might reasonably infer that the toy was left where it was when the plaintiff tripped over it, by the boy living in the apartment, at the time or before he went to the rear of the building. The trial court set the verdict aside upon the ground that the jury could not reasonably draw such an inference, and so conclude that the defendant was chargeable with notice of its presence.

We cannot find error in its ruling because there are too many possibilities that the toy was placed on the step at the entrance of the apartment by someone other than the boy. Aside from the fact that the testimony of the plaintiff is a weak basis for concluding that no one used the entrance between the time the boy left and the time when she fell, the toy might have been placed on the step either by some other child playing in the courtyard or might have been left in the courtyard and placed there by someone who might have been passing through it. These and other possible explanations of the presence of the toy make the evidence insufficient to produce a reasonable belief of the probability that the boy placed it in the position where it was when the plaintiff fell. *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 24, 192 Atl. 308; *Williamson's Appeal*, 123 Conn. 424, 433, 196 Atl. 770. As there was no other basis upon which the jury could find that the toy had been in the position it was a sufficient length of time so that the defendant should have had notice of it, the verdict of the jury lacks essential support and the trial court did not err in setting it aside.

In a bill of exceptions the plaintiff makes a claim that the charge was defective in that the trial court

refused to instruct the jury that they were to determine whether the defendant, in the discharge of its duty to use reasonable care to keep the premises reasonably safe, ought to have maintained full-time janitorial services in the apartment house and whether it was negligent in allowing the regular janitor to go on vacation for several days and in not maintaining adequate and reasonable janitorial services. The bill of exceptions also questions certain rulings on evidence excluding questions intended to elicit the fact that the janitor was absent from the premises at the time of the accident and a question as to the usual custom in large apartment houses to employ full-time janitors.

In *Vinci v. O'Neill,* 103 Conn. 647, 656, 131 Atl. 408, we said: "It is often said that a landlord is bound to exercise a reasonable supervision over the portions of apartment buildings, used in common by the tenants, to see that they are in proper repair. The primary duty of the landlord is to use reasonable care to see that the premises are kept reasonably safe, and his liability can only arise out of a failure in that duty. *Reardon v. Shimelman,* 102 Conn. 383, 386, 128 Atl. 705. To give rise to it, however, it must appear that he either knew of a defect or was chargeable with notice of it, because, had he exercised a reasonable inspection of the premises, he would have known of it. *Reardon v. Shimelman,* supra, 389. In this sense only can it be truly said that the landlord is under a duty to inspect the premises, and a failure to inspect them cannot give rise in itself to a liability for injuries resulting from a defective condition. Evidence as to an inspection of the premises by him has its place in the case as bearing upon the issue of actual knowledge of their condition." See also *Reynolds v. Land Mortgage & Title Co.,* 114 Conn. 447, 451, 159 Atl. 282. It follows that a failure to employ the services

of a janitor on full time or one to take the place of the regular janitor while he was on vacation would not of itself be a basis upon which the defendant might be found liable.

If it appeared that such inspection of the premises as was made by the defendant or his agents ought to have disclosed to them the presence of the toy at the entrance, this would be a basis for a finding of constructive notice and to that extent evidence as to such inspections would be a proper element in the case. See *Cook* v. *Simon,* 98 Conn. 98, 100, 118 Atl. 634; *Mascoela* v. *Wise, Smith & Co.,* 120 Conn. 699, 700, 181 Atl. 629; *Nadel* v. *Fichten,* 54 N. Y. S. 551, 552. So as bearing upon what would constitute a reasonable oversight of the premises, the usual custom as to inspecting similar apartment houses might be relevant to the issue whether notice should be imputed to the defendant. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 Atl. (2d) 600. Evidence as to a custom to employ janitors on full time would be admissible but ineffective unless there was also evidence as to the customary extent to which they inspected the premises. If such evidence was offered, the fact that the defendant had not maintained a similar system of inspection would in turn be relevant and in that connection the fact that the janitor of the building was absent on vacation might be shown.

There is no error.

In this opinion the other judges concurred.