## Enrico Smeriglio *v.* Connecticut Savings Bank.

Maltbie, C. J., Jennings, Ells, Dickenson and Inglis, Js.

Argued October 9—decided December 7, 1942.

*Harold Perlman,* with whom were *Israel J. Jacobs* and, on the brief, *John Henry Sheehan,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

Jennings, J. The plaintiff, an invitee, was injured by a fall on stairs retained in the control of the defendant landlord. At the close of his testimony, the trial court directed a verdict for the defendant. The

plaintiff appeals from the denial of his motion to set the verdict aside.

The jury could reasonably have found the following facts: The defendant was the owner of a tenement house in New Haven. March 19, 1941, was a rather dark, rainy day. At about 9 o'clock on that morning the plaintiff delivered five gallons of fuel oil to a third floor tenant in the house. He descended from the third to the second floor but, when he started down the stairway from the second to the street floor, he slipped and fell. The top tread, on which he fell, was worn and defective. There were grease and garbage on it. A bulb for lighting the stairway was provided but it was not turned on when the plaintiff fell and the stairway was rather dark. His complaint lists these three factors as the causes of his fall.

The landlord is under a duty to use reasonable care to keep those parts of his building which are under his control in a reasonably safe condition. *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 580, 173 Atl. 237. If he fails in that duty and has actual or constructive notice of the defect, an injured plaintiff who is himself in the exercise of due care can recover. *Esserman* v. *Madden*, 123 Conn. 386, 389, 195 Atl. 739. Directed verdicts are not favored. *Heringer* v. *Underwood Typewriter Co.*, 103 Conn. 675, 678, 131 Atl. 322. If the evidence reasonably supports any of the allegations of negligence, the plaintiff is entitled to a new trial. Ibid.

While there was evidence that the nosing of the top tread was worn, there is no basis in the evidence for a finding that this in any way contributed to the plaintiff's fall. The presence of debris on the top tread, which the plaintiff claimed he saw after his fall, cannot form the basis for a recovery because of the lack of proof of notice. *Laflin* v. *Lomas & Nettleton Co.*, 127

Conn. 61, 63, 13 Atl. (2d) 760; *Edwards* v. *F. W. Woolworth Co.*, 129 Conn. 245, 27 Atl. (2d) 163. The question whether there is a common-law duty to light common stairways has given rise to different rulings in the courts. *White* v. *DeVito Realty Co.*, 120 Conn. 331, 335, 180 Atl. 461. It is, however, not open in this state. By repeated decisions it has been held that the duty exists. *White* v. *DeVito Realty Co.*, supra; *Gibson* v. *Hoppman*, 108 Conn. 401, 407, 143 Atl. 635.

The evidence of lack of light as a substantial factor in causing the plaintiff's fall was extremely tenuous. That aside, it appeared that adequate artificial light was provided, the janitor turned it on each night and turned it off each morning except that, on dark mornings, he left it burning. He occasionally forgot to turn it off and one of the tenants would then do so. The plaintiff testified that the light was off when he fell but there was no testimony that the janitor turned it off, as to how long it had been off or by whom it was turned off. For all that appeared, the bulb may have burned out just before the plaintiff fell or the light may have been turned off by an intermeddler. The evidence, read as a whole, fails to show any actual or constructive notice of a dangerous condition due to this cause on the morning in question. *Ballou* v. *Jewett City Savings Bank*, 128 Conn. 527, 530, 24 Atl. (2d) 260.

It thus appears that there would have been no support for a plaintiff's verdict and the action of the trial court in directing a verdict for the defendant was correct. *Bernardo* v. *Hoffman*, 109 Conn. 158, 159, 164, 145 Atl. 884.

There is no error.

In this opinion the other judges concurred.