NATHAN MORRIS *v.* KING COLE STORES, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 9, 1945—decided January 3, 1946.

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *Israel Libby,* for the appellant (plaintiff).

*William H. Tribou,* for the appellee (defendant King Cole Stores, Inc.).

*DeLancey Pelgrift,* for the appellee (defendant Good Fruits, Inc.).

ELLS, J. The plaintiff brought this action to recover damages resulting from a fall on the defendants' premises claimed to be due to the slippery condition of

an entranceway. The trial court directed a verdict for the defendants and denied a motion to set it aside, and the plaintiff appealed.

In testing the correctness of a directed verdict for the defendant, the evidence must be considered in that aspect most favorable to the plaintiff. *Lesser* v. *Bridgeport-City Trust Co.,* 124 Conn. 59, 61, 198 Atl. 252; *Sedita* v. *Steinberg,* 105 Conn. 1, 5, 134 Atl. 243. The jury could reasonably have found the following facts: The defendant King Cole Stores, Inc., conducted a large market on Main Street in New Britain. It leased a portion of the store to the defendant Good Fruits, Inc., which, as concessionaire, was engaged in the business of selling fruits and vegetables from stands located within the store and on the areaway at and near the entrance vestibule. At about noon on a business day the plaintiff had walked across the sidewalk to a point near the store entrance and had stopped to look at a display of strawberries and lettuce on an open stand. As he stood there, about a foot from the stand, an employee who worked in the fruit and vegetable department came out to the stand. The plaintiff started into the store but almost immediately slipped and fell. The employee picked him up. The plaintiff then noticed on the floor of the entrance "a lot of sort of crushed strawberries, and it looked like lettuce leaves, all spread out, kind of dirty." He saw a slide mark a foot long on the floor of the entranceway where his foot slipped and slid out, and at the beginning of the mark some lettuce and strawberries. He noticed on his heel a piece of lettuce, hanging off, and some crushed strawberries. Half of the lettuce leaf was on his heel and the half that remained on the glass floor was not loose but was stuck to the floor. When asked to describe the appearance of the lettuce on the floor he said, "It was dirty and it looked as

though several people stepped on it before." The lettuce and the strawberries "looked as if they were crushed. They lay flat and they were dirty."

It is a familiar rule that the landlord is under a duty to use reasonable care to keep those parts of his building which are under his control in a reasonably safe condition and that if he fails in that duty and has actual or constructive notice of the defect in time to remedy it an injured plaintiff who is himself in the exercise of due care can recover. *Smeriglio* v. *Connecticut Savings Bank*, 129 Conn. 461, 462, 29 Atl. (2d) 443. The defendants do not claim that the floor was reasonably safe or that the plaintiff was guilty of contributory negligence.

The sole issue is whether the jury could have properly found that the defendants had notice of the defect in time to remedy it. The plaintiff claims that the defendants had actual notice because an employee had "a few minutes previously" passed over the very spot and could reasonably be expected to have seen the debris in time to brush it aside. The evidence is that at the very moment the employee came out the plaintiff started into the store. There is no testimony that the employee saw anything on the floor, and no reasonable inference could be drawn that he should have seen the defect in time to remedy it. A further claim is that as the stand contained strawberries and lettuce and the plaintiff's fall occurred in proximity to it the jury could reasonably infer that the foreign substance came from the stand and was dropped on the floor by an employee, in which event the defendants would have notice through the employee. This would be pure speculation, for it may have been brushed off by a customer or dropped by him after he had made a purchase inside the store or at this outside stand.

The controlling question is that of constructive no-

tice: whether the condition had existed for such a length of time that the defendants' employees should, in the exercise of due care, have discovered it in time to have remedied it. *O'Brien* v. *H. L. Green Co.*, 128 Conn. 68, 69, 20 Atl. (2d) 411. There is no direct evidence as to the length of time the defect had existed, and therefore the claim is that from the evidence concerning the condition of the substance—that it was dirty and "looked as though several people stepped on it before," and that the lettuce stuck to the floor—the jury could reasonably find constructive notice.

In *Hudson* v. *F. W. Woolworth Co.*, 275 Mass. 469, 176 N.E. 188, there was evidence that where the plaintiff fell there was a piece of candy on the floor, "all heel marks," "all dirty and grimy," "all flattened out," "a number of heel marks in it." The candy was of a kind sold in the store. The court held that the evidence of the appearance of the candy and its sticking to the floor, and of the appearance of the floor under and around it, warranted a finding that the candy had been there such a period of time that in the exercise of reasonable care to keep the premises in safe condition for use by customers the defendant should have found and removed it. In *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, 94 N.E. 386, the plaintiff was injured by slipping on a banana peel which was described by witnesses in these terms: It "felt dry and gritty, as if there were dirt upon it," as if "trampled over a good deal," as "flattened down, and black in color." The court said that the inference might have been drawn from the appearance and condition of the banana peel that it had been upon the platform a considerable period of time, in such position that it would have been seen and removed by employees of the defendant if they had been reasonably careful in performing their duties, and that therefore

there was evidence of negligence on the part of the defendant which should have been submitted to the jury.

The facts of the present case are not essentially different from those found in the cases cited above, and include further circumstances which point to the conclusion that it was a proper case for submission to the jury. What constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of a case. The nature of the business and the location of the foreign substance would be factors in this determination, and in the present case the jury reasonably could find that there was required a higher degree of vigilance in keeping the premises closely adjacent to the outside vegetable stand free from slippery rubbish than would be imposed upon one engaged in a business from the nature of which such perils are not reasonably expected to result. *French* v. *Gardeners & Farmers Market Co.*, 275 Ky. 660, 665, 122 S. W. (2d) 487.

Cases involving the condition of floors in retail markets are collected in 33 A.L.R. 181, 43 A.L.R. 866, 46 A.L.R. 1111, 58 A.L.R. 136, and 100 A.L.R. 710. They show substantial agreement as to the rules of law but are not in harmony as to the application of the law to the facts of a case. To a considerable degree each case must be decided on its own circumstances. Evidence which goes no farther than to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant. There is the additional evidence in the present case which we have stated. It is weak, but we cannot say that the jury could not find it sufficient. Directed verdicts are not favored. If the evidence reasonably supports the allegations of negligence, the plaintiff is entitled to have his case go to the jury. *Heringer* v.

*Underwood Typewriter Co.,* 103 Conn. 675, 678, 131 Atl. 322; *Smeriglio* v. *Connecticut Savings Bank,* supra, 462.

The defendants rely on three cases in which we held that the facts in evidence did not warrant an inference by the jury that the foreign substance had been on the floor long enough to constitute constructive notice. In *Edwards* v. *Woolworth Co.,* 129 Conn. 245, 27 Atl. (2d) 163, while there was litter on the floor there was no evidence that anything other than a frankfurter skin would make it slippery. That was apparently lying loose upon the floor; and there was nothing in the record to indicate that it had not come into a position where customers might step on it only a moment before the accident. We also upheld a directed verdict in *Smeriglio* v. *Connecticut Savings Bank,* supra, where the plaintiff fell on a stairway upon which there were grease and garbage. There was nothing at all in the evidence upon which to base an inference as to the length of time it had been on the stairway. We reached a like decision in *Laflin* v. *Lomas & Nettleton Co.,* 127 Conn. 61, 63, 13 Atl (2d) 760, on the ground that there were too many possibilities as to the person who had placed upon the step of the apartment house a toy over which the plaintiff fell, and that there was no evidence as to the probable period of time it had been there. The present case differs from those we have just cited because of the evidence from which the jury could find that the foreign substance had been on the floor for some time. In *Mascoela* v. *Wise, Smith & Co.,* 120 Conn. 699, 181 Atl. 629, the appeal was from the denial of a motion to set aside a verdict for the defendant, and we held that the jury could reasonably have found that the defendant was not negligent.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., BROWN and JENNINGS, Js., concurred.

DICKENSON, J. (dissenting). It is a primary duty of the court in a jury case to see that the jury are not allowed to guess at facts. *Welshausen* v. *Parker Co.*, 83 Conn. 231, 234, 76 Atl. 271. I agree with the trial court that there was no reasonable evidence upon which the jury could have determined the length of time that the substance upon which the plaintiff claimed to have slipped had been upon the sidewalk.