ANTONINA DEPTULA *v.* NEW BRITAIN TRUST COMPANY ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 51940

Memorandum filed May 24, 1955.

*Ericson, Politis & Gleason,* of New Britain, for the plaintiff.

*Halloran, Sage & Phelon,* of Hartford, for the defendants.

FitzGerald, J. This is an action brought against two defendant banks to recover damages for injuries alleged to have been caused the plaintiff as a result of a fall by her upon the floor of the bank building. At the trial, Attorney Halloran stated on behalf of both defendants that the liability, if any, on the part of either defendant bank (one being the lessor of the premises and the other the lessee) was to be considered as identical with that of the other. Hence the court will so treat the situation.

It has been made to appear that at about 10:30 o'clock on the morning of January 31, 1949, the plaintiff entered the banking premises at 255 Main Street, New Britain, for the purpose of cashing a check and that she walked over to one of three counters on the main floor to indorse the check and then commenced to walk between two of the counters to go to a teller's cage to cash the check. It is found that the plaintiff slipped and fell while walking between these two counters, owing solely to the fact that the floor at that point was wet and slippery.

The main floor of the banking premises is marble and of a character to be found in banks generally. On the morning in question it had been snowing and the outside walks and highways were covered with snow. Pursuant to their usual custom, employees on the premises had laid out on the main floor various rubber mats of considerable length, extending from the main door into the interior. This program is put

into effect on every day when the weather is inclement, and is done to prevent patrons such as the plaintiff from slipping while using the interior of the premises. Such mats were laid out before the opening of the business day at 9 a.m. on January 31, 1949. As laid out, the mats do not cover the entire surface of the floor; they extend only to certain points leading in from the direction of the main door of entrance. No mat was placed, nor was it usual to place one, between any of the three counters located in the central portion of the main floor.

There is no question that the status of the plaintiff was that of an invitee and that there was owing her the duty of keeping the banking premises in a reasonably safe condition for her reception. It is found that the wet surface of a marble floor would be slippery. But these aspects are not decisive of the case. It is not claimed that the defendants had actual notice of the fact that the floor between the counters where the plaintiff fell was wet and slippery. Hence the plaintiff relies upon the claim of constructive notice to the defendants of the existence of the condition.

The case of *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, contains a collection of cases dealing with the question of the application of constructive notice of a defect in the absence of actual notice thereof. A reading of those cases demonstrates that each case must be decided upon its own particular circumstances. See, also, the later case of *Long* v. *Savin Rock Amusement Co.*, 141 Conn. 150, 153.

Granting that the floor between the counters where the plaintiff fell was wet and slippery, and that such condition was brought about by the wet shoes of patrons who had traversed it prior to the plaintiff, the length of time such a condition existed still remains a matter of conjecture. It could have been

minutes or even seconds. To sustain the plaintiff's contention, the court would in effect have to conclude that every business establishment would have to maintain two kinds of floor coverings — one for dry weather and one for wet weather — or be subject to a finding of absolute liability if a fall occurred during a wet interlude outside. The law was never designed to foster ridiculous results. In the case at bar an effort had been made to afford reasonable safeguards by the placing of various rubber mats upon the main floor of the premises; that every square inch of the floor was not so covered is not important, since the entire surface of the floor did not have to be replaced by another. Had there been actual notice of the wet and slippery condition to the defendants, and an opportunity to correct it, liability could have attached. But that is not this case.

Constructive or implied notice of the existence of the condition is asked to be drawn from the condition itself, apart from any consideration of the time element. Whether the condition was in existence seconds, minutes or an hour before the plaintiff's fall cannot be determined from the evidence presented. "The controlling question in deciding whether the defendant had constructive notice of the defective condition is whether the condition had existed for such a length of time that the defendant's employees should, in the exercise of due care, have discovered it in time to have remedied it." *Long* v. *Savin Rock Amusement Co.*, supra, citing *Morris* v. *King Cole Stores, Inc.*, supra, 492.

Further discussion is not required other than to say that if one desires complete protection against the ordinary hazards of everyday existence such as falls and illnesses, and the resulting burden of medical expenses and disability, a personal health and accident policy, the benefits of which are not depend-

ent upon the determined liability in law of some other party, is the only solution. The case at bar proves the truth of this gratuitous observation.

Let judgment enter for the defendants.