GEORGIA WHITE *v.* THE E AND F CONSTRUCTION COMPANY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 8—decided June 25, 1963

*Irwin E. Friedman,* with whom were *Albert J. Kleban* and, on the brief, *Arthur Levy, Jr.,* for the appellant (plaintiff).

*Ivan A. Hirsch,* with whom, on the brief, was *Edgar W. Krentzman,* for the appellee (defendant).

SHEA, J.  The plaintiff, an invitee, sustained injuries as a result of a fall on a basement stairway. At the close of the evidence, the trial court directed a verdict for the defendant. The plaintiff has appealed, assigning as error the denial of her motion to set aside the verdict.

From the evidence most favorable to the plaintiff, the jury could reasonably have found the following facts: In May, 1958, the plaintiff was employed as a domestic by one of the tenants in an apartment house owned by the defendant in Bridgeport. The rear entrance to the building, the basement stairway and the landing above the stairway were used in common by the various tenants and were under the control of the defendant. The landing and the stairway were made of concrete and had been recently painted, so that they had a shiny or glossy finish. There is one step leading from the

backyard to the landing. On May 7, about 2:30 p.m., the plaintiff left the apartment house by the front door and went into the yard to remove some laundry from the clothesline. It was raining at the time. The clothes were wet, and the plaintiff intended to hang them in the cellar to dry. She put them into a basket and entered the house through the back door. As she started to step from the landing to go down the stairs, her feet slipped from under her and she fell to the basement floor. After her fall, she noticed that the landing was wet. The door to the rear entry was propped open at the time, and rain was coming through the doorway. The plaintiff's employer had occupied an apartment in the defendant's building for more than a month, and during that time the door to the rear entrance was open most of the time. There was a rainy spell from May 3 through May 7, and rain had fallen during some part of each one of those days. About two minutes before the plaintiff fell, her employer had noticed that the steps were wet by reason of rain which was coming through the open doorway.

From the memorandum of decision denying the motion to set aside the verdict, it appears that the court directed the verdict on the ground that there was no evidence to show that the defendant had notice of the condition which caused the plaintiff's fall. The direction of a verdict is justified if upon the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as rendered. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. The jury could have found that the plaintiff's fall was caused by the wet condition of the landing. However, before the jury could find that the defendant was liable for the plaintiff's injuries, it was

necessary to show that the defendant knew of the unsafe condition, or was chargeable with notice of it because, had it exercised a reasonable inspection of the premises, it would have known of the condition. *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 64, 13 A.2d 760; *Smeriglio* v. *Connecticut Savings Bank*, 129 Conn. 461, 462, 29 A.2d 443; *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, 492, 45 A.2d 710. There is nothing to indicate that the defendant had actual notice of the presence of the water on the landing. Therefore, the crucial question is whether the water had been there for such a length of time that the defendant should, in the exercise of due care, have discovered it in time to have removed it. *Morris* v. *King Cole Stores, Inc.*, supra.

Although there was evidence that rain was falling on the landing through the open doorway at the time the plaintiff fell, there is nothing to establish how long this condition had prevailed. There was evidence also that the door had been open most of the time between April 1 and May 7, but there was nothing to show that the door was open on rainy days or that it had been open for any appreciable length of time before the plaintiff fell. Four families lived in the apartment house. The rear door was used by all of them, and it would be pure speculation to indulge in an attempt to determine when or by whom the door had been opened. The plaintiff's employer had observed the water on the landing only about two minutes before the accident. It is impossible to ascertain whether the water had been on the landing for a period of minutes, hours or days. The evidence reveals no more than that the condition which caused the plaintiff to fall had been present for about two minutes before the time she entered the building. This evidence would not

support a finding that the condition had existed for a sufficient length of time to charge the defendant with constructive notice of it. *Smeriglio* v. *Connecticut Savings Bank,* supra; *Laflin* v. *Lomas & Nettleton Co.,* supra, 63. To charge the defendant with constructive notice, the notice would have had to be of the presence of the water itself and not merely of conditions naturally productive of it. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.,* 145 Conn. 390, 393, 143 A.2d 438; *Drible* v. *Village Improvement Co.,* 123 Conn. 20, 23, 192 A. 308.

The evidence was insufficient to support a verdict for the plaintiff, and the court did not err in directing the jury to return a defendant's verdict. *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 171, 169 A.2d 265.

There is no error.

In this opinion the other judges concurred.