Maude JACOBS, Plaintiff-Appellee,

v.

The GREAT ATLANTIC & PACIFIC
TEA CO., Inc., Defendant-Appellant.

No. 13, Docket 28161.

United States Court of Appeals
Second Circuit.

Argued Oct. 3, 1963.

Decided Nov. 4, 1963.

Dennis N. Garvey, New Haven, Conn. (Alan R. Weiner and Caplan, Garvey & Colleran, New Haven, Conn., on the brief), for plaintiff-appellee.

Peter C. Dorsey, New Haven, Conn. (Donald F. Keefe and Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from a judgment for $25,000 and costs entered in the District Court for the District of Connecticut, William H. Timbers, District Judge, on a jury verdict for the plaintiff for injuries incurred from a fall while shopping in defendant's supermarket. On appeal the defendant contends that the trial court erred in not directing a verdict for the defendant on the ground that there was no basis for a finding of constructive notice, in permitting the jury to find that the method of stacking the baby food jars might have been a cause of the accident, in charging the jury concerning the burden on inferences, and in allowing vague questions. Finally,

defendant contends that the verdict was excessive.

The 74 year old plaintiff was shopping with her daughter in the defendant's self-service supermarket in Mystic, Connecticut, early in the afternoon of August 20, 1960. After placing a purchase in a shopping cart that her daughter had left adjacent to a counter displaying baby food, the plaintiff turned and stepped in an area of the aisle that had been made slick by the spillage of banana baby food. She slipped and fell, fracturing her hip. Several pieces of soiled Kleenex and a broken glass jar, partially filled with banana baby food were found on the floor beneath the overhang of the baby food counter, hidden from the view of one standing upright in the aisle. At the time of the accident, plaintiff's daughter observed that the baby food on the aisle floor was "sticky and it was crusty on the outer edges." She was also in the aisle where the baby food was located shortly before the fall, and since no one else was in the aisle during that period, the jar must have broken before she arrived there. But the testimony of plaintiff's daughter indicated that she had been in the aisle only a few minutes before her mother fell. Thus, there was no direct proof of the length of time that the baby food had been lying on the floor prior to the accident.

The baby food jars were customarily stacked three high, and it was not uncommon for customers to break them by knocking or dropping these jars to the floor. Indeed, about three hours before plaintiff's mishap, another jar of baby food had been found broken about ten feet from the place plaintiff was standing, and had been cleaned up by an employee. The store was swept each night, and the manager would order that areas which seemed to require it be swept during the day.

The case was submitted to the jury on alternate theories: (1) that the defendant was negligent in failing to inspect and clean up the baby food; or (2) that the defendant was negligent in stacking the jars on the shelves, and that this negligence was the proximate cause of the accident.

The chief contention by the defendant on appeal is that there was insufficient evidence that the defendant should have known of the baby food on the floor to present the issue to the jury. We shall assume, as the parties have done, but without deciding, that the issue of the sufficiency of the evidence in this diversity action is controlled by Connecticut law.[1] To charge the defendant with constructive notice under Connecticut law, the plaintiff must establish that the defect had been there sufficiently long that the defendant, by exercising reasonable care, should have discovered and remedied it. Falkowski v. MacDonald, 116 Conn. 241, 164 A. 650 (1933). In the leading case of Morris v. King Cole Stores, 132 Conn. 489, 45 A.2d 710 (1946), the Connecticut Supreme Court of Errors established a liberal rule as to the amount of evidence necessary to permit a jury to infer that a defective condition in a food market existed sufficiently long for a defendant to discover and remedy it. In White v. E & F Construction Co., Conn., 193 A.2d 716 (1963), 25 Conn.L.J. No. 3, p. 3, relied on by defendant, there was nothing to indicate how long the condition (rain coming in an open doorway upon a common landing in an apartment house) had existed, other than an observation that the landing was wet two minutes before plaintiff's fall. In determining what is a reasonable time to charge defendant with constructive notice, the jury must take into consideration the nature of the business and the location of the foreign substance, and whether such perils are reasonably to be expected. Morris v. King Cole Stores, supra. The White case does not modify the rule. In the King Cole case the only evidence adduced to charge the defendant store owner with construc-

---

1. See Evans v. S. J. Groves & Sons Co., 315 F.2d 335, 342 n. 2 (2 Cir.1963). The Supreme Court has declined to decide the question. Dick v. New York Life Ins. Co., 359 U.S. 437, 444, 445, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959).

tive notice was that the crushed strawberries and lettuce on which the plaintiff slipped were dirty and looked as though others had stepped on them before. The court admitted that this evidence was weak but held that the jury could find it sufficient. If the dirtiness of lettuce and crushed state of strawberries be sufficient to go to a jury, we are unable to perceive why the dried and crusted state of banana baby food, particularly when coupled with testimony that no one else had been in the aisle for a few minutes, the earlier attempt by someone to clean up, and the defendant's knowledge that breakage of jars was not an infrequent occurrence, should be insufficient.

Nor can we say as a matter of law that a jury could not find the defendant's method of stacking its baby food negligent. Though there is nothing in the record to indicate whether the jar fell or was dropped, a jury might reasonably conclude that the method of stacking or displaying the jars three high substantially increased the likelihood of a jar either falling by itself, being knocked to the floor, or being dropped by a customer taking several from the shelf, and was therefore a substantial factor in causing the plaintiff's injuries.

The defendant has failed to print the charge in his appendix, as required by our Rule 15(b). If counsel persist in ignoring the rules, the court may well find it necessary to decline to pass on points not properly presented. In this case, while we might place our decision on this point on this ground, we have had recourse to the original record. We find no prejudicial error in the charge. Nor do we find any merit in the contention that the court allowed vague and confusing questions. Finally, a verdict of $25,000 for a 74 year old woman, who was in good health before the accident and suffered a hip fracture requiring open reduction and insertion of a permanent Smith-Peterson nail and plate, 21 days hospitalization and 4 or 5 months in a nursing home, who now has a 5% disability of the hip and lifelong discomfort from the protrusion of the metal in-

to muscle tissue, incurred more than $2,-000 in medical expenses, and must use a cane, strikes us as falling within the "necessarily flexible limits of fair and reasonable compensation." Vogel v. Sylvester, 148 Conn. 666, 669, 174 A.2d 122, 124 (1961).

We find no error and affirm the judgment.