[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges that she sustained injuries while a business invitee on defendants' premises, the New Haven Teletrack. The plaintiff alleges that as she was exiting the ladies room at the teletrack facility, she was struck by an unknown patron of the defendants who was running along the corridor perpendicular to the vestibule for the ladies' room.
In the first count of the complaint, the plaintiff alleges that her injuries from the collision were the result of the defendants' negligence (1) in failing to control the patrons of their establishment; (2) in creating a dangerous condition on the premises by placing the exit of the women's lavatory perpendicularly to the main corridor leading to the betting parlor and the food concession stands; (3) failing to make a proper inspection of the area; and (4) in failing to warn the plaintiff of the dangerous condition created by the placement of CT Page 12625 the lavatory. The defendants answered the complaint, denying negligence and asserting the plaintiff's comparative negligence.
The defendants filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to the issue of whether the defendants had notice of the allegedly defective condition.
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
For the purposes of the motion for summary judgment, the defendants separate the plaintiff's claim into two categories, a claim based on the defendants' alleged failure to supervise the defendants' patrons and inspect for disorderly conduct, and a claim based on the improper placement of the lavatory exit. The defendants argue that, with respect to the first category, they are entitled to summary judgment because there is no evidence to support a finding of notice of the defective condition.
As a business invitee of the defendants, the defendants owed the plaintiff a duty to keep its premises in a reasonably safe condition. Gulycz v. Stop Shop Cos., 29 Conn. App. 519,521, 615 A.2d 1087 (1992), citing Cruz v. Drezek, 175 Conn. 230, CT Page 12626 234, 397 A.2d 1335 (1978). Generally, if that duty was breached, and if the defendants had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damage for his injuries. Id., citing Morris v. King Cole Stores, Inc., 132 Conn. 489,492, 45 A.2d 710 (1946). The issue of "[w]hether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. McCrorey v. Heilpern,170 Conn. 220, 221, 365 A.2d 1057 (1976)." Gulycz v. Stop Shop Cos., supra, 29 Conn. App. 521. "Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." (Citations omitted.) Lafaive v. Diloreto, 2 Conn. App. 58, 60,476 A.2d 626 (1984); see also White v. E F Construction Co.,151 Conn. 110, 113, 193 A.2d 716 (1963) (where plaintiff allegedly slipped on wet stairs, constructive knowledge must be of water on stairs, not conditions causing water to be on the stairs, such as rain).
 While an abundance of — evidence is not necessary to show a sufficient length of time existed for discovery of the condition, . . . some evidence is required. . . . Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case.
(Citations omitted.) Gulycz v. Stop Shop Cos., supra,29 Conn. App. 521.
The defendants argue that, with respect to notice, the that plaintiff must show that the defendants had actual or constructive notice of the defective condition which occasioned the injury, i.e. the patron who collided with the plaintiff. In support of this argument, the defendants point to the plaintiff's interrogatories, wherein she affirms that there were no witnesses to the accident. The defendants also argue that there is no evidence indicating that the patron who collided with the plaintiff was involved in any disorderly conduct, or that the defendants had any knowledge to that effect.
However, the plaintiff's claims are not based on the CT Page 12627 presence of the patron alone, but on the dangerous condition created by placing the lavatory exit perpendicular to the main corridor leading to the betting parlor and the concession stand, where a patron exiting the lavatory could be struck by another patron rushing to the parlor or concession stand, and the defendants' failure to protect patrons exiting the lavatory from this danger. Generally, "a negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentional. . ." Doe v. Manhiemer, 212 Conn. 748,759, 563 A.2d 699 (1989); see also 62A Am.Jur.2d, Premises Liability, § 509 ("[A]n owner of commercial premises will generally not be chargeable with negligence where injury to a customer . . . is allegedly caused by the pushing or similar action of other customers. On the other hand, a storekeeper is not relieved of the consequences of his negligence by an intervening act which he should anticipate.") There is no claim that the patron intentionally collided with the plaintiff. Therefore, if notice is part of the plaintiff's claim, as the defendants argue, the defective condition of which the defendants would be required to have notice would not be the individual patron, but the danger attributed to patrons running through the corridor and striking other patrons exiting the women's lavatory.
However, with respect to the claim of the negligent placement of the lavatory exit, the plaintiff correctly argues that notice is not required where the defective condition is claimed to have been created by the defendant. See Holody v.First National Supermarkets, Inc., 18 Conn. App. 553, 556,559 A.2d 723 (1989); see also 62A Am.Jur.2d Premises Liability, § 574. Where the defective or dangerous condition is allegedly created by the positive actions of the defendant, liability is based on whether it is more probable than not that the defendant, without any intervening action by others, had created a dangerous condition on the premises, and that this dangerous condition was the proximate cause of the plaintiff's injuries. Id., citing Frankovitch v. Burton, 185 Conn. 14, 23-24,440 A.2d 254 (1981).
As to this aspect of the claim, the defendants argue that the evidence submitted in favor of summary judgment (a floor plan of the rest room and corridor) indicates that the doors to the lavatory do not open directly into the corridor, but rather, CT Page 12628 open into a small vestibule perpendicular to the corridor. The defendants argue, therefore, that the plaintiff cannot prove her allegations of negligence with respect to this claim. The plaintiff's claim, however, is that the placement of the lavatory exit itself, in relation to the main corridor connecting the betting parlor with the seating and concession stands, was negligent in that it created a dangerous condition proximately causing the collision and resulting accident.
"`Issues of negligence are ordinarily not susceptible of summary adjudications but should be resolved by trial in the ordinary manner.' Spencer v. Good Earth Restaurant Corp. ,164 Conn. 194, 199, 319 A.2d 403 (1972)" Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). In addition, the question of proximate cause is ordinarily a question of fact. . . . Tetrov. Stratford, 189 Conn. 601, 605, 458 A.2d 5 (1983). Accordingly, the defendants' motion for summary judgment is denied as the issues raised are one's which the trier of fact should resolve.
WILLIAM J. SULLIVAN, J.