DECISION ON REMAND

EAGAN, J.
INTRODUCTION
On February 3, 2010, this Court entered judgment in favor of the plaintiff, Reginald Crenshaw, in his personal injury action against the defendant Mohegan Tribal Gaming Authority (MTGA). There was no dispute that on March 2, 2007, the plaintiffs car slid on black ice on the exit ramp from a parking garage at the Mohegan Sun Casino. The defendant denied liabili *389 ty, in large part, on the grounds that it had no notice of the black ice nor, in the exercise of due care, could have discovered the black ice in time to take remedial action before plaintiffs accident.
On appeal, the case was remanded for articulation as to whether the defect of black ice had existed for a sufficient length of time so as to charge the defendant with constructive notice.
DISCUSSION
The Court previously found that the temperature in the relevant geographic area had dropped below freezing by 10:17 p.m. on March 2, 2007. Expert testimony established that black ice would have formed on the surface between this 10:17 p.m. time and 11:00 p.m., with 11:00 p.m. being on the conservative side. It necessarily follows that at 11:27 p.m., when plaintiffs accident occurred, black ice had been on the surface of the exit ramp for no less than 27 minutes.
Accordingly, the issue this Court must decide on remand for articulation is whether the existence of black ice on the exit ramp for no less than 27 minutes was a sufficient length of time to charge the defendant MTGA with constructive notice. “What constitutes a reasonable length of time must be determined in light of the particular circumstances of the case.” Morris v. King. 132 Conn. 489, 492-93, 45 A.2d 710 (1946).
The “particular circumstances” that are relevant to whether 27 minutes (a conser-vatíve estimate of time the black ice existed on the ramp) was sufficient to charge the defendant with constructive notice are the following.
First, the defendant’s employees were aware of the possibility of ice on the night of March 2, 2007.[1] The defendant acknowledged this in its post-trial brief. See Decision of February 3, 2010, p. 7 and Defendant’s Mohegan Tribal Gaming Authority’s Post Trial Brief, p. 5. Second, the defendant had no policies in place regarding inspection of the premises for ice on the night of the accident and had only two employees patroHing the casino parking lots with the primary responsibility of collecting trash and only secondarily responding to icing conditions. The defendant acknowledged it was understaffed on the night of the accident.[2] Third, the exit ramp where plaintiff’s accident occurred was known to the defendant to be heavily traveled, and there had been several prior accidents at the same location as plaintiffs accident due to icy conditions.[3]
Based on these “particular circumstances,” the Court finds that even if the black ice had existed on the exit ramp for no more than 27 minutes (a conservative estimate), this length of time was sufficient to charge the defendant with constructive notice of it.

. The Mohegan Sun Casino’s Grounds Supervisor testified that he had been called in to work at 11:00 p.m. because there could be ice problems and the defendant was understaffed.

. Id.

. In Ormsby v. Frankel, 255 Conn. 670, 889, 768 A.2d 441, 1 G.D.R. 76 (2001), the Connecticut Supreme Court found that evidence of prior accidents is appropriate for constructive notice purposes based on an attenuated similarity standard: "The prior accident evidence in the present case, like the evidence of prior icing on Route 6, was offered to bear on the timing of the defendant’s obligation to respond to the defect. In other words, with evidence of a prior accident in the same area from the same general cause, the defendant was under a greater obligation to discover and respond to the defect."