CLORISSA HELLAMNS *v.* YALE-NEW HAVEN
HOSPITAL, INC.
(AC 34904)

Robinson, Alvord and Lavery, Js.

Argued September 25—officially released December 31, 2013

*Miles N. Esty*, for the appellant (defendant).

*William B. Wynne*, with whom, on the brief, was *Lawrence H. Adler*, for the appellee (plaintiff).

### Opinion

LAVERY, J. The defendant, Yale-New Haven Hospital, Inc., appeals from the judgment rendered after a trial to the court awarding the plaintiff, Clorissa Hellamns, damages for injuries sustained in a fall on the defendant's property. The defendant claims that the court applied a standard of care contrary to law. The defendant also claims that the plaintiff failed to establish that

the defendant had notice of the defect. We reverse the judgment of the court.

The court found the following facts. On September 15, 2009, the plaintiff sought treatment related to her pregnancy at the Dana Clinic Building located at 789 Howard Avenue, New Haven. The Dana Clinic Building is owned by the defendant. While walking in a hallway, the plaintiff slipped on a puddle of water on the floor and fell. A janitor, pushing a cart with cleaning material and a warning sign, walked past the spot where the water had accumulated just prior to the plaintiff falling. The hallway primarily served patients, many of whom were pregnant, and the hallway was not open to the public, in that the patients needed permission to enter from the waiting room. As a result of the fall, the plaintiff received strains and injuries to her lumbar spine, groin area, right knee, the bottom of her stomach, and other contiguous muscles. Her unborn child was not injured.

The plaintiff brought this action against the defendant to recover damages for the injuries sustained as a result of her fall. The matter was tried to the court on April 13, 2012. On July 16, 2012, in a written decision, the court found the defendant negligent. The court awarded the plaintiff $61,914 in damages. This appeal followed.

I

The defendant first claims that the court applied a standard of care contrary to law. Specifically, the defendant claims that the court applied a standard akin to strict liability. The court held that "extra care was required by the defendant with respect to the maintenance of the hallway and that care included not to allow hazardous material to remain on the floors of the hallway for any length of time," and the court found the defendant liable because it "allow[ed] the puddle of water to remain . . . for any length of time." We agree with the defendant.

Whether the court applied the correct standard of care is a question of law, and therefore our review is plenary. *Location Realty, Inc.* v. *Colaccino*, 287 Conn. 706, 717, 949 A.2d 1189 (2008); *Deroy* v. *Estate of Baron*, 136 Conn. App. 123, 127, 43 A.3d 759 (2012).

The general principles of premises liability guide our analysis. It is undisputed that the plaintiff was a business invitee, and therefore, that the defendant owed the plaintiff a duty to keep the premises in a reasonably safe condition. See *Gulycz* v. *Stop & Shop Cos.*, 29 Conn. App. 519, 521, 615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992); see also *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 116–17, 49 A.3d 951 (2012). "Nevertheless, [f]or [a] plaintiff to recover for the breach of a duty owed to [her] as [a business] invitee, it [is] incumbent upon [her] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused [her injury] or constructive notice of it. . . . In the absence of allegations and proof of any facts that would give rise to an enhanced duty . . . [a] defendant is held to the duty of protecting its business invitees from known, foreseeable dangers. . . . Accordingly, business owners do not breach their duty to invitees by failing to remedy a danger unless they had actual or constructive notice of that danger." (Citation omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, supra, 116–17.

"The controlling question in deciding whether the defendant had constructive notice of the defective condition is whether the condition had existed for such a length of time that the defendants' employees should, in the exercise of due care, have, discovered it in time to have remedied it. . . . What constitutes a reasonable length of time within which the defendant should have learned of the defect, how that knowledge should

have been acquired, and the time within which, thereafter, the defect should have been remedied are matters to be determined in light of the particular circumstances of each case. The nature of the business and the location of the defective condition would be factors in this determination. To a considerable degree each case must be decided on its own circumstances." (Citation omitted.) *Pollack* v. *Gampel*, 163 Conn. 462, 469–70, 313 A.2d 73 (1972); see also *Riccio* v. *Harbour Village Condominium Assn., Inc.*, 281 Conn. 160, 163–64, 914 A.2d 529 (2007); *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, 494, 45 A.2d 710 (1946).

The court found that "[i]n view of the plaintiff's physical condition at the time of the fall (that is, she was six months pregnant), and that the defendant had knowledge that pregnant women used the hallway of the hospital where the fall took place . . . to allow the puddle of water to remain which caused the fall for any length of time constituted negligence on the part of the defendant." On appeal, the defendant asserts that this standard of care is improper because it is akin to strict liability, in that a plaintiff need only prove the presence of a defect to establish liability. Further, the defendant argues that any application of strict liability to this case was improper because Connecticut does not recognize strict liability as the standard of care owed by a premises owner to pregnant business invitees, and because the plaintiff did not plead strict liability.

We agree with the defendant that the standard of care used by the court is contrary to law. A duty on a premises owner to ensure that a defect does not exist for "any length of time" is incompatible with the plaintiff's well established duty in a premises liability action to prove that a defect existed for "a reasonable length of time," that is, a period of time such that the defendant could have both learned of and remedied the defect.

See, e.g., *Columbo* v. *Stop & Shop Supermarket Co., Inc.*, 67 Conn. App. 62, 63–65, 787 A.2d 5 (2001) (evidence that plaintiff fell on dirty milk insufficient basis for inference to be drawn that milk was on floor for sufficient period of time to establish actual or constructive notice), cert. denied, 259 Conn. 912, 789 A.2d 993 (2002). Further, to establish the presence of a defect for "any length of time," the plaintiff need only establish a causal link between the defect and the premises owner. Such is the burden borne by a plaintiff in a strict liability action; see *Caporale* v. *C. W. Blakeslee & Sons, Inc.*, 149 Conn. 79, 85, 175 A.2d 561 (1961); and not in a premises liability action. The duty of care imposed by the court in the present case was improper for a premises liability action.

The plaintiff asserts that the court did not apply strict liability, but "rather, it found that given the combination of total control of the hallway, the population it served and a janitor with the means of curing or warning of the defect, the defendant knew or should have known that the defect existed." We are not persuaded. By holding the defendant liable regardless of whether it was aware of any defects, solely because of the population that the hallway served, the court converted the defendant into an insurer of the safety of the pregnant women who are given access to the hallway. This finding is incompatible with a principle of premises liability that a property owner is not an insurer of the safety of its invitees. *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23–24, 192 A. 308 (1937) ("[u]nder familiar principles of law, the defendant, as a property owner, is not an insurer of the safety of persons using . . . the premises against the possibility of injury by reason of [a defective condition] thereon. . . . Mere proof of the presence of some [defective condition] does not necessarily show a breach of [a] defendant's duty. . . . [T]he burden rests upon the plaintiff . . . to offer evidence . . .

from which the jury could reasonably conclude that the defendant had notice of this condition and failed to take reasonable steps to remedy it after such notice"); see also *Morris* v. *King Cole Stores, Inc.*, supra, 132 Conn. 494 ("[e]vidence which goes no farther than to show the presence of a slippery foreign substance does not warrant any inference of constructive notice to the defendant").

We also agree with the defendant that any application of strict liability to this case was improper. In Connecticut, a premises owner is not strictly liable for injuries sustained by pregnant business invitees. See *Torres* v. *Department of Correction*, 50 Conn. Supp. 72, 78 n.8, 912 A.2d 1132 (2006) (strict liability is available only where legislature has provided for it or where common law has imposed it and legislature has not changed it). The standard of care applied by the court was incorrect.[1]

## II

The defendant also claims that the plaintiff failed to establish that the defendant had notice of the defect. We agree.

The court found that "[j]ust prior to the plaintiff falling, a janitor walked by the spot where the water had accumulated that caused the plaintiff to fall. The janitor had a cart with cleaning material and a warning sign. The water could have been dried or the warning sign could have been displayed which would have alerted the plaintiff to the danger that caused her fall."

"To the extent that the defendant challenges the trial court's factual findings, we review such claims under

---

[1] The defendant also argues that the standard of care applied by the court was contrary to law because it removed the plaintiff's burden to prove notice. Because we agree with the defendant that the standard of care applied by the court was improper because it was akin to strict liability, it is unnecessary to address any additional aspects of the defendant's claim.

our clearly erroneous standard of review. . . . A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Citation omitted; internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 858, 905 A.2d 70 (2006).

A plaintiff can demonstrate that a defendant had actual notice of an unsafe condition by, for example, demonstrating that the condition was created by the defendant's employee; see *Zarembski* v. *Three Lakes Park, Inc.*, 177 Conn. 603, 607, 419 A.2d 339 (1979); or by presenting evidence that an employee, operating within the scope of his authority, observed the dangerous condition and either was charged with maintaining the area or was charged with a duty to report the unsafe condition. See *Derby* v. *Connecticut Light & Power Co.*, 167 Conn. 136, 141–42, 355 A.2d 244 (1974), cert. denied, 421 U.S. 931, 95 S. Ct. 1659, 44 L. Ed. 2d 88 (1975). To establish constructive notice, "[t]he controlling question . . . is whether the condition existed for such a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it. . . . What constitutes a reasonable length of time is largely a question of fact to be determined in light of the particular circumstances of the case." (Citation omitted; internal quotation marks omitted.) *Considine* v. *Waterbury*, supra, 279 Conn. 870; *Sauro* v. *Arena Co.*, 171 Conn. 168, 171, 368 A.2d 58 (1976).

At trial, the plaintiff provided only her own testimony and her medical records to establish her case. The sole evidence provided at trial as to the issue of notice was the plaintiff's own testimony that a janitor walked past the puddle of water just before she fell. The only other evidence before the court was the testimony of an employee of the defendant. This employee testified that,

upon entering the hallway after the plaintiff fell, the employee observed the puddle of water, but was unable to determine the source of the water, did not see any cups or other litter on the ground, and was unable to determine how long the water had been there. The employee also testified that she never observed a janitor.

This evidence is insufficient to support the court's finding that an employee of the defendant noticed the defect and had the opportunity to remedy the defect. First, the plaintiff did not present the janitor, or any other employee of the defendant, to establish for the court that the janitor actually saw the puddle of water before the accident. While circumstantial evidence can establish constructive notice, a plaintiff's assertion that an employee walked past the defect, absent evidence that the employee actually did see the defect, is insufficient. See *Gulycz* v. *Stop & Shop Cos.*, supra, 29 Conn. App. 522 (evidence insufficient to establish constructive notice when evidence established that plaintiff saw defect but failed to establish that defendant's employees saw defect prior to plaintiff's injury). Second, the plaintiff's testimony established that a janitor passed the puddle of water only seconds before the plaintiff fell. Evidence establishing that the defective condition existed a few seconds before the accident is insufficient to establish that the defendant had constructive notice of that defect. See *White* v. *E & F Construction Co.*, 151 Conn. 110, 113–14, 193 A.2d 716 (1963) (evidence that established that defective condition existed for only two minutes prior to accident was insufficient to charge defendant with constructive notice of defect); see also *Gulycz* v. *Stop & Shop Cos.*, supra, 521–22.

Third, the plaintiff failed to establish that notice could be imputed to the defendant because the plaintiff did not present any evidence to establish that cleaning the specific hallway where the accident occurred was within the janitor's scope of employment. See *Derby* v.

*Connecticut Light & Power Co.*, supra, 167 Conn. 142 ("[w]hile it is true that matters coming to the knowledge of an agent of a corporation within the scope of his authority are conclusively presumed to have been reported to his principal . . . there is nothing in the evidence of the present case to indicate that the condition of the [property] was a matter within the scope of the authority of the repairman who may have seen it, or any other agent who may have entered onto the property" [citations omitted]). "Inferences to be drawn from the facts proved must be reasonable and logical, and the conclusions based on them must not be the result of speculation and conjecture." *Palmieri* v. *Macero*, 146 Conn. 705, 708, 155 A.2d 750 (1959); see also *Gulycz* v. *Stop & Shop Cos.*, supra, 29 Conn. App. 522. The conclusion of the court that the defendant had notice of the puddle of water by virtue of a passing janitor was without evidential basis and could only have been the result of speculation. *Palmieri* v. *Macero*, supra, 708. Such a finding is clearly erroneous.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.