EUGENE GULYCZ *v.* STOP AND SHOP COMPANIES, INC.
(10948)

FOTI, LAVERY and FREEDMAN, Js.

Argued October 5—decision released November 17, 1992

*John R. Williams,* for the appellant (plaintiff).

*Barbara B. Sacks,* with whom, on the brief, was *Laura N. Ondrush,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment of dismissal rendered during a trial to the court for failure of the plaintiff to make out a prima facie case.[1] The plaintiff brought the underlying action to recover damages for leg injuries he sustained on January 30, 1989, when his trousers were caught on a protruding hinge and screw on a shelf at the end of a check-out aisle at the defendant's store in New Britain. Following the plaintiff's testimony and the introduction of medical reports pursuant to General Statutes § 52-174, the plaintiff rested. The defendant then moved to dismiss the action on the ground that the plaintiff had failed to make out a prima facie case by failing to prove that the defendant had either actual or constructive notice of the condition that the plaintiff claimed in his complaint to have existed in the defendant's store. The court granted the defendant's motion.

On appeal, the plaintiff claims that the trial court improperly granted the motion to dismiss because the

---

[1] Practice Book § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

defect was structural in nature and the trier of fact could reasonably have inferred that the condition had existed long enough for it to have come to the defendant's attention. He also claims that the trial court did not apply the proper standard in granting the motion to dismiss. We affirm the judgment of the trial court.

It is not disputed that the plaintiff was a business invitee, and that the defendant owed him a duty to keep its premises in a reasonably safe condition. *Cruz* v. *Drezek,* 175 Conn. 230, 234, 397 A.2d 1335 (1978). Also undisputed is that, if that duty was breached, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damages for his injuries. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710 (1946). The plaintiff produced no evidence to establish that the defendant had actual notice of the alleged defect. Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. *McCrorey* v. *Heilpern,* 170 Conn. 220, 221, 365 A.2d 1057 (1976).

While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition; see *Kapilotis* v. *Shop Rite Supermarket, Inc.,* 14 Conn. App. 250, 251, 540 A.2d 376 (1988); some evidence is required. *Schwartz* v. *Waterbury Public Market, Inc.,* 6 Conn. App. 429, 432–33, 505 A.2d 1272 (1986). Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case. Id.

The plaintiff claims that the defect was structural in nature and therefore must have existed for a sufficient

length of time so as to enable an inference of constructive notice. The record is devoid of such evidence. The only evidence that the plaintiff put before the trial court, other than medical reports, was his own testimony that he saw the protruding hinge and screw on which he struck his knee. He further testified that after the accident he asked others, including two people who brought in the carriages, the head cashier, the aisle supervisor and the stock clerk, "if they saw it." There was no evidence, however, whether they "saw it" before or after the injury. No witness was called to establish whether any employee had observed the defect at any time prior to the plaintiff's injury. If there had been some evidence that the defect existed prior to the injury, the trier of fact would have had a basis to determine whether the length of time was sufficient to permit a reasonable inference of constructive notice.

Although circumstantial evidence can establish constructive notice; *Sokolowski* v. *Medi Mart, Inc.*, 24 Conn. App. 276, 287, 587 A.2d 1056 (1991); no such circumstantial evidence exists here. The plaintiff offered no evidence, direct or circumstantial, to show that the defect had existed for any period of time so as to enable the court to exercise its function as factfinder. Nor was the court able to infer that the defect had existed for any length of time, since there was no evidence to establish a basis for such an inference. "An inference must have some definite basis in the facts"; *Boehm* v. *Kish*, 201 Conn. 385, 389, 517 A.2d 624 (1986); and the conclusion based on it must not be the result of speculation and conjecture. *Palmieri* v. *Macero*, 146 Conn. 705, 708, 155 A.2d 750 (1959).

Finally, the plaintiff claims that the motion to dismiss should not have been granted since the trial court failed to view the evidence in the light most favorable to him. He argues that there probably would not have been an appeal if the court had denied the motion,

allowed the defendant to complete its case and rest, and then rendered judgment for the defendant because the plaintiff had not sustained his burden of proof.

While a plaintiff is entitled to every favorable inference that may be legitimately drawn from the evidence, and has the same right to submit a weak case as a strong one, the plaintiff must still sustain the burden of proof on the contested issues in the complaint and the defendant need not present any evidence to contradict it. *Lukas* v. *New Haven,* 184 Conn. 205, 211, 439 A.2d 949 (1981). The general burden of proof in civil actions is on the plaintiff, who must prove all the essential allegations of the complaint. Id.

When ruling on a motion to dismiss, the trial court is required to view the evidence in the light most favorable to the plaintiff and to draw every reasonable inference in his favor. *Pagni* v. *Corneal,* 13 Conn. App. 468, 470, 537 A.2d 520, cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988). Whether a prima facie case has been made out is a question of law for the court. *Falker* v. *Samperi,* 190 Conn. 412, 419, 461 A.2d 681 (1983). If, after reviewing the evidence in the light most favorable to the plaintiff, the court cannot reasonably find the essential issues on the complaint in his favor, a judgment of dismissal is appropriate. *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 609, 440 A.2d 810 (1981).

We conclude that the trial court applied the correct standard and properly rendered a judgment of dismissal in this case.

The judgment is affirmed.

In this opinion the other judges concurred.