[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed two post-trial motions: (1) "Motion to Set Aside Verdict" and (2) "Motion to Set Aside Verdict and For Judgment In Accordance with Motion for Directed Verdict." The first motion, which is directed to the adequacy of the court's charge, is denied without further comment by the court. The second motion, which is directed to the sufficiency of the evidence, is granted since there was no evidence of constructive notice, as explained below. CT Page 416
The issue raised by the defendant's second motion is whether the defendant had constructive notice of the defective condition which caused the plaintiff's injuries. Clearly, there was no evidence of actual notice. "Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it." Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521 (1992). There was insufficient evidence on this point.
The evidence construed in the light most favorable to the plaintiff shows that the plaintiff while walking around a self-service salad bar slipped on clear water which was on a small area of the floor adjacent to the salad bar. The salad bar contained a mound of ice. When the plaintiff and the store manager viewed the location of the fall ten minutes after the plaintiff fell, the water spot was no longer visible.
There was no evidence from which the jury could find that the water had been on the floor for more than a few moments. There was no evidence as to the configuration of the salad bar, the items on the salad bar, the size of the ice cubes, the customer's use of the salad bar, the store's method of stocking the salad bar, the size of the small water spot, or other circumstances which would give rise to an inference as to how long the water was on the floor. "Evidence which goes no farther that to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant." Morris v. King Cole Stores, Inc., 132 Conn. 489, 494
(1946).
The defendant has complied with the procedural requirements of Practice Book 321. At the conclusion of the plaintiff's case, the defendant moved for a directed verdict. The motion was denied. At the conclusion of the defendant's case, the defendant renewed its motion for directed verdict. The motion was again denied.
Pursuant to Practice Book 321, the verdict is set aside and judgment is rendered as if the requested verdict had been directed. Judgment shall enter for the defendant.
THIM, JUDGE CT Page 417