[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's amended complaint, filed October 5, 1993, alleges the following facts: On April 26, 1991, the plaintiff Cheryl Woodford was a U.S. postal worker delivering mail on the CT Page 11312 premises of defendant Heritage Village Masters' Association ("Heritage Village"), a condominium complex located in Southbury and under the control and maintenance of the defendant Heritage Village. The plaintiff alleges that on April 26, 1991, while she was delivering mail at the Heritage Village condominiums, a Heritage Village grounds worker negligently sprayed her in the face with a pesticide, Metasystox-R, while he was spraying trees in the area. The plaintiff alleges that defendant Mobay Corporation ("Mobay") manufactured the pesticide, and that the defendant Caldwell Jones, Inc. ("Caldwell"), distributed it to Heritage Village.
On April 14, 1993, the plaintiff instituted a negligence action against only the defendant Heritage Village. On September 7, 1993, Heritage Village successfully moved to cite in the defendants Mobay and Caldwell. The court, Sullivan, J., ordered the plaintiff to amend her complaint by October 7, 1993 in order to show Mobay's and Caldwell's interest in the action. On October 5, 1993, the plaintiff served an amended complaint on Mobay and Caldwell. The plaintiff's causes of action against defendants Mobay and Caldwell are brought under the Connecticut Product Liability Act, General Statutes § 52-572m et seq. Defendants Mobay and Caldwell answered the complaint and asserted by way of a special defense that the plaintiff's claims against them are barred by the two year statute of limitations under General Statutes § 52-577c(b).[1]
The defendants have moved for summary judgment, arguing that no genuine issue of material fact exists with respect to their statute of limitation defenses and, therefore, they are entitled to judgment as a matter of law. The plaintiff argues that General Statutes § 52-577a[2], the three year statute of limitations for product liability actions, is the appropriate statute of limitations for the actions against Mobay and Caldwell.
 Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of CT Page 11313 material fact. Practice Book 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, ___ A.2d ___ (1994). A trial court may properly grant summary judgment when the documents and other evidence submitted in support of summary judgment demonstrate that the plaintiff failed to file suit within the period required by the applicable statute of limitations. Daily v. New Britain Machine Company, 200 Conn. 562,565-70, 512 A.2d 893 (1986).
There is no dispute that defendants Mobay and Caldwell were served within three years, but not within two years of the incident. The defendant argues that the allegations of the complaint indicate that the plaintiff "immediately" discovered her injuries on the date of the incident, i.e. upon exposure to the pesticide. Therefore, the defendants argue that the plaintiff's causes of action against them are barred by operation of the two year statute of limitations under General Statutes § 52-577c, as the plaintiff claims injuries resulting from her exposure to a hazardous chemical or substance.
However, there are no facts alleged in the complaint or submitted in support of summary judgment that establish that the plaintiff's injuries manifested immediately after the contact with the pesticide or when the injuries were manifested at some time after the initial exposure. It should be noted that the complaint only alleges that
 [a]s a result of being sprayed, in the face and eyes, the plaintiff suffered the . . . injuries, some or all of which might be permanent in nature. . . .
Assuming for the purposes of this motion that the plaintiff's cause of actions against Mobay and Caldwell are controlled by General Statutes § 52-577c(b), such a cause of action "shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise ofreasonable care should have been discovered." (Emphasis added) General Statutes § 52-577c(b). The two year limitation period under General Statutes § 52-577c begins to run on the date that the CT Page 11314 claimant discovered or should have discovered the injury, not the date the injury was sustained. Here, there are no facts before the court that demonstrate that the plaintiff's injuries occurred immediately upon her contact with the pesticide, and thus that she discovered or should have discovered the injuries at that point. Additionally, whether the plaintiff could have discovered her injury with reasonable care on the date of the exposure is an issue of fact, best resolved by the jury. See United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 381, 260 A.2d 596
(1969) ("Whether or not [a party] acted reasonably or in good faith is a strongly contested genuine issue of material fact."); cf. Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521-22,615 A.2d 1087 (1992) (determination of reasonable time to discover defect is a question of fact to be decided by factfinder on basis of circumstances of case). Accordingly, even assuming that General Statutes § 52-577c is applicable to the plaintiff's cause of action, the defendants have failed to demonstrated that the plaintiff's suit was not brought within the limitation period under that section.
Accordingly, the defendants' motion for summary judgment should be and is denied.
/s/ McDonald, J. McDONALD