[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Anthony Benedetto, has brought an action in negligence against the defendant, The Stop Shop Companies, Inc. (Stop Shop), arising out of an incident occurring on July 25, 1993, at the defendant's store located at 680 Connecticut Avenue in Norwalk.[1] The plaintiff alleges that while exiting the defendant's store he was caused to "lose his step, trip or stumble" because of the positioning of two candy vending machines next to the exit door. As a result of this incident, the plaintiff alleges that he sustained an injury to his back.
The case was tried to the court, and the following facts are found as a result of the testimony of the plaintiff and the manager of the defendant's store. The plaintiff at the time of this incident was an invitee in the defendant's store. He had purchased and paid for certain items and was carrying a grocery bag at the time he decided to exit the premises. As he approached the two candy machines he noticed a woman "hollering" at several small children near the vending machines. The woman was "hollering" at the children. The next thing he knew a small child was crawling around at his feet. In an attempt to avoid stepping on this child, the plaintiff grabbed a handrail or bar to his left, and, although he did not actually fall to the floor, CT Page 12944 he did twist his back.
The space between the wall on one side, and the handrail or bar on the other side that the plaintiff grabbed to prevent himself from falling, was approximately six feet across. The candy machines protruded from the wall about two feet, leaving a space of about four feet through which one could exit from the defendant's store.
A medical report from his physician was admitted into evidence indicating that the plaintiff, who is seventy years old, sustained a lumbosacral sprain as a direct result of the accident in question, and was given a rating of 10%-15% permanent partial disability. The plaintiff incurred medical and related bills in the amount of approximately $1,000, and he testified convincingly that the disability to his back had adversely affected his daily life and curtailed his normal activities.
The plaintiff testified that he had seen the candy machines on prior occasions while shopping at the defendant's store, but did not consider their location near the exit to be "hazardous." The plaintiff further agreed that he had not registered any complaints to that effect with store personnel.
The plaintiff's theory of liability was summarized succinctly in two sentences in his post-trial brief. The first is that "the primary allegation of negligence is that the defendant caused or allowed the candy machines to be placed and kept in such close proximity to the exit as to unreasonably restrict traffic flow out of the store." The second is: "the restriction of traffic flow was the cause in fact of Anthony Benedetto's injuries."
The court reaches the following conclusions. The accident in question caused the plaintiff to suffer personal injuries as alleged in the complaint, and he has sustained permanent partial disability to his back, which in turn has adversely affected his life. The plaintiff has not, however, sustained his burden of proving that the defendant breached the duty it owed to him. "[T]he defendant owed [a business invitee] a duty to keep its premises in a reasonably safe condition . . . if that duty was breached, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damage for his injuries." (Citation omitted.) Gulycz v. Stop Shop Companies, Inc.,
CT Page 1294529 Conn. App. 519, 521, 615 A.2d 1087 cert. denied, 224 Conn. 923,618 A.2d 527 (1992). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.)Morin v. Bell Court Condominium Association, Inc., 223 Conn. 323,327, 612 A.2d 1197 (1992).
The plaintiff contends that this accident "would not have happened if not for Stop Shop's conduct in placing the candy machines near the exit." However, the accident occurred because a small child got in the plaintiff's path as he was leaving the store. The plaintiff did not offer any evidence that this particular child was at or near the candy machines. Moreover, he testified on several occasions that he had sufficient room to exit the store, even though what the plaintiff described as a "fat" woman was in front of the candy machines as he was leaving the store. Furthermore, the manager of the defendant's store testified that some 10,000 people exit this store in an average week and that, during his time at the store, there had not been any report of an injury at or near the store exit. Thus, the plaintiff was unable to show that the defendant was on notice that the candy machines were blocking the exit from the store. Moreover, the plaintiff did not offer any expert testimony regarding the dangers, if any, of locating such machines near an exit, or the propensity of small children, if any, to congregate in proximity thereto.
While the court commends the plaintiff for not stepping on the child at his feet, and credits his testimony regarding the impact of his injuries on his day to day life, he did not offer sufficient proof that the location of the candy machines near the store exit constituted a failure to exercise reasonable care on the part of the defendant. Additionally, even if one concluded that the defendant did not exercise reasonable care, the plaintiff did not prove that the location of the machines was a proximate cause, a substantial factor, in the accident. The plaintiff did not trip on the candy machines. The cause of the accident was the child at the plaintiff's feet, not anything that the defendant did or omitted to do.[2]
Hence, judgment may enter for the defendant, with costs to be taxed by the clerk. CT Page 12946
So Ordered.
Dated at Stamford, Connecticut, this 15th day of November, 1995.
William B. Lewis, Judge