[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patrick Kelly, brings this negligence action against the defendant, The Stop Shop Companies, Inc., for injuries allegedly sustained from a slip and fall at one of the defendant's stores. The court granted the defendant's motion to bifurcate the issues of liability and damages. The case was tried to the court, where the parties presented evidence only as to the issue of liability.
The evidence presented reveals the following facts. On October 22, 1994, at approximately 9:45 P.M., the plaintiff entered the Stop Shop located at 727 Rubber Avenue, Naugatuck, Connecticut, to purchase cat food. He proceeded to the appropriate aisle, spent approximately ten minutes determining what kind of food to purchase and then made his CT Page 1660 selections. The plaintiff then walked back to the aisle entrance, turned toward the cashier stations, took a step and fell. The plaintiff testified that the fall rendered him unconscious, and that upon regaining his senses he remembers a women wiping a brownish, unrecognizable substance from both the floor and his shoe. Although the plaintiff described what the substance looked liked, there was no evidence presented as to what it was.
It is undisputed that the plaintiff was a business invitee, to whom the defendant owed a duty to keep its premises in a reasonably safe condition. Gulycz v. Stop Shop Companies Inc., 29 Conn. App. 519, 521, 615 A.2d 1087. cert. denied, 224 Conn. 923, 618 A.2d 529 (1992). "For the plaintiff to recover for the breach of a duty owed to [him] as a business invitee, [he] had to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused [his] fall."Fuller v. First National Supermarkets, Inc.,38 Conn. App. 229, 301, 561 A.2d 110 (1995); Gulycz v Stop ShopCompanies, Inc., supra, 29 Conn. App. 521. There is no question that the defendant did not have actual notice of the substance. The issue presented therefore, is one of constructive notice: "whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it." Gulycz v. Stop Shop Companies, Inc.,
supra, 521.
The plaintiff introduced evidence that the store's porter, Benjamin Carriera, last reported a sweep in the store's sweep log at 8:00 P.M. Mr. Carriera testified, however, that he was sweeping and or cleaning up virtually throughout his entire shift. Although the sweep log provides for a 9:00 P.M. sweep, Mr. Carriera testified that he changed the time to indicate an 8:00 P.M. sweep that evening.
The plaintiff also introduced into evidence a portion of the defendant's safety manual. The plaintiff claims that the defendant violated its own safety rules which, if adhered to, would have caused the defendant to discover the substance. The plaintiff argues that although the manual provides for the floor to be swept as needed, the sweep log reveals that the floor was never swept more often than scheduled. There was no evidence presented, however, indicating that the CT Page 1661 store's floor needed to be swept more frequently than in fact it was swept, or that the floor was not swept on more occasions than as recorded in the sweep log. In fact, the court finds there was credible evidence indicating that the store's porter was sweeping or cleaning up virtually all evening and that he also swept more often than was recorded in the store's sweep log. Based upon the evidence presented, the court cannot find that the defendant had constructive notice of the defect. "While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition . . . some evidence is required." (Citations omitted.) Gulycz v. Stop ShopCompanies, Inc., supra, 521. Moreover, "[e]vidence which goes no farther than to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant." Morris v. King ColeStores, Inc., 132 Conn. 489, 494, 45 A.2d 710 (1946). The court has examined the totality of the circumstances in this case. including but not limited to the evidence that the unrecognizable substance was "brownish." The court cannot infer based on this evidence that the substance was present for a period of time sufficient for the defendant in the exercise of reasonable care to have known of the substance.
The plaintiff argues that the substance upon which Mr. Kelly slipped upon was a squished grape. He points to incident report of the store manager who wrote that Tim O'Bar, the bake shop clerk cleaned up one grape that was smashed. Mr. O'Bar testified that he may have cleaned up a grape earlier that evening, but it was not with respect to the Kelly incident. The fact that Mr. O'Bar may have cleaned up a grape or a smashed grape earlier that evening somewhere in the store certainly would not give rise to an inference that the substance Mr. Kelly slipped on must have been a squished grape. There is no evidence as to the ingredients of the substance which was found on Mr. Kelly s shoe and on the floor. The substance on the floor, brownish in color, could have been a number of things, and the court would be speculating to find that it was a squished grape and therefore without knowing what the substance was it could not conclude that because of its color that it was there for a long time. The plaintiff failed to prove by a fair preponderance of the evidence either what the substance was or when the substance came to exist on the spot where the plaintiff fell. CT Page 1662
The court does not find that the defendant was in any way negligent in its duty to maintain the premises. Furthermore, even if the court were to agree with the plaintiff's contention that the defendant failed to abide by its safety manual, the plaintiff presented no credible evidence indicating that such a failure was causally related to the incident.
The court finds that the plaintiff has failed to establish liability on behalf of the defendant. Accordingly, the court renders judgment for the defendant.
Pellegrino, J.