[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves a claim by the plaintiff against the defendant supermarket for injuries sustained on the defendant's premises as a result of a fall while grocery shopping.
On August 19, 1994 the plaintiff, age 47, at the time of the accident, had come to the defendant's supermarket located in Ansonia, Connecticut, with her daughter, Pamela Bono. It was about 7:00 p. m. and according to the testimony offered by the plaintiff the store did not appear to be particularly busy. When the plaintiff and her daughter commenced their shopping expedition they began in the produce department and worked their way through the various aisles to Aisle number 6. At this point they had traversed at least 5 aisles and spent about 1/2 hour in doing so. At the outset of their shopping which began in the produce aisle, both the plaintiff and her daughter noticed a child throw some grapes out of a shopping cart but neither paid much attention to this except for seeing it occur.
They then proceeded through a number of aisles to the end of Aisle 6 when in moving toward the meat counter which was against the back wall of the store, the plaintiff slipped and fell. She subsequently discovered that she had fallen in the middle of an area of smashed grapes which were all around her in her sitting position on the floor. The grapes were in the words of her CT Page 2175 daughter, Mrs. Bono, all "smushed" and dirty and covered an area of several feet surrounding the plaintiff. There were no barriers around the area or warnings to the plaintiff and neither she nor her daughter noticed the grapes on the floor before she fell.
As a result of the fall, the plaintiff experienced pain and discomfort in her low back and right arm. She went to the Emergency Room of Griffin Hospital, was examined, treated and discharged that same evening (see P. ex. 4). The next day she had discomfort in her neck shoulder, back and legs. After several days she sought treatment from Abidor Chiropractic Center (P. Ex. 3) but not being confident in their ability to assist her after that one visit, she came under the care of Dr. Eric Garver (P. Ex. 6). She treated with him for about a year with medicine and therapy and at the conclusion of her treatment continued to complain of discomfort in the cervical and lumbrosacral spine. Based upon objective signs and her complaints, Dr. Garver opined by his letter report in evidence that she has been left was a 2 percent permanent partial disability of the cervical spine and 7 percent of the lumbar spine.
She incurred $4923.97 in medical expenses over this period following the accident and lost 4 days from her employment as a bank clerk for a total of $220.
It is the claim of the plaintiff in her amended complaint filed December 17, 1997 that the defendant through its agents, servants and employees were negligent in maintaining the area where she fell by not keeping it in a condition reasonably safe for patrons shopping in the defendant's facility. There was no evidence offered to indicate that store personnel were aware of the condition of the floor where the plaintiff slipped and fell.
The defendant as the owner and occupier of premises to which the public is invited have an obligation under the law to keep and maintain the premises in a reasonably safe condition for patrons. They have an obligation to not only maintain the premises in such fashion but also to make themselves aware by reasonable inspection of conditions likely to cause harm to patrons on the premises.
In the absence of actual notice, and there is none claimed or established by the evidence, liability may attach to the defendant only if the evidence demonstrates that the defendant should have had constructive notice of the condition causing the CT Page 2176 plaintiff's fall. If the defendant had actual or constructive notice of the defect within a reasonable time to remedy it and failed to do so the plaintiff is entitled to recover damages for the defendant's negligence. See Gulycz v. Stop Shop Cos.,29 Conn. App. 519.
While an abundance of evidence is not necessary to show the defect existed for a sufficient time to permit discovery of the condition some evidence is required.
In reviewing the evidence presented to the court in this case it appears that some grapes were observed on the floor in the produce department 1/2 hour before the plaintiff's fall, that the plaintiff slipped in an area which "a whole bunch of grapes were smushed on the floor" and that they appeared dirty according to the plaintiff and her daughter.
From this evidence the court concludes that the defendant in the exercise of reasonable care should have known of the condition of the floor where the plaintiff fell and failed to remedy it and consequently is liable for the injuries sustained by the plaintiff.
The court further cannot conclude that the plaintiff is in any way liable for her own injuries. The evidence indicates she was pushing her cart through the aisles and one could reasonably infer that she was looking at the products being offered for sale rather than inspecting the floor as she proceeded.
Accordingly, the issues are found for the plaintiff and the court concludes that the plaintiff is entitled to receive as economic damages the amount of $4923.97, for non economic damages the sum of $20,500, for total damages of $24923.97 together with allowable costs.
GEORGE W. RIPLEY, JUDGE