[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence action wherein plaintiff Travis Ford claims injuries as the result of a fall at defendant Stop 
Shop's premises.
This incident occurred on October 5, 1995. Mr. Ford testified it had been raining all day. About six o'clock in the evening he went to Stop Shop. He entered the first set of doors without incident. He noticed a wet rubber mat on the floor. After passing through the second set of doors, he proceeded about six to ten feet whereupon he slipped and fell. Mr. Ford testified as to the condition of the floor as he entered the store. He stated that it was "clean, glossy and shiny." He saw no water or any other substance on the floor. He did believe, however, that, after falling, he felt water on the floor. He testified that he did not know the source of the water, how long it was there, or whether anyone from Stop Shop was aware that water was on the floor.
In order to prevail on his claim, Mr. Ford must prove all the essential allegations of his complaint by, a fair preponderance of the evidence. Gulycz v. Stop Shop Cos., 29 Conn. App. 519,521, 615 A.2d 1087 (1992). CT Page 4568
Mr. Ford's status when he entered Stop Shop was that of a business invitee. As such, Stop Shop owed him a duty to keep its premises in a reasonably safe condition. Cruz v. Drezek,175 Conn. 230, 234, 397 A.2d 1335 (1978). If that duty was breached,and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy the problem, Mr. Ford would be entitled to recover for his injuries. Morris v. KingCole Stores, Inc., 132 Conn. 489, 492, 45 A.2d 710 (1946); see also Gulycz, supra at 521.
There was no evidence to suggest that Stop Shop had actual notice of any claimed defect. Mr. Ford testified that there was no defect visible to him — that the floor looked clean and shiny. Thus, the court must infer that nothing would have been visible to Stop Shop. Plaintiff's counsel argues that the court should infer constructive notice based merely on the fact that it was raining. This the court cannot do. With regard to a finding of constructive notice, ". . . [t]he determinative question is whether the defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered it and remedied it." Sokolowski v. Medi Mart,Inc., 24 Conn. App. 276, 287, 587 A.2d 1056 (1991) [citation omitted]. The court recognizes that circumstantial evidence can establish constructive notice, Sokolowski, supra. Nevertheless, there was no evidence presented to show that the claimed defect had existed for any length of time or to infer that it had, since there was no basis in the evidence for such an inference. The mere fact that it was raining will not suffice. "`An inference must have some definite basis in the facts,' Boehm v. Kish,201 Conn. 385, 389, 517 A.2d 624 (1986); and the conclusion based on it must not be the result of speculation and conjecture." [Citation omitted]. Gulycz, supra at 522.
 No witness was called to establish whether any employee had observed the defect any time prior to the plaintiff's injury. If there had been some evidence that the defect existed prior to the injury, the trier of fact would have had a basis to determine whether the length of time was sufficient to permit a reasonable inference of constructive notice.
Gulycz, supra.
As previously noted, the court credited all the testimony of Mr. Ford. It is unlikely that a more honest and forthright person has ever testified in any court. Nor is it likely that any CT Page 4569 witness has ever been more likeable, charming and entertaining. Moreover, the court has no doubt that he was injured and suffered from his injuries. Nevertheless, despite the valiant efforts of plaintiff's counsel, the circumstances surrounding the injuries are not those for which the law permits recovery. The court is therefore compelled by applicable law to enter judgment for the defendant.
Dunnell, J.