[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff, Robert Page, commenced this action against the defendant Burger King Corporation, for damages for personal injuries allegedly arising out of a slip and fall in the defendant's parking lot caused by a discarded tuna fish sandwich.
The defendant moves for summary judgment on the ground that there is no genuine dispute that the defendant did not have either actual or constructive notice of the alleged defect (the tuna fish sandwich) which caused the plaintiff's injuries. The defendant filed a memorandum of law with supporting evidence. The plaintiff filed an objection, with no supporting evidence, and oral argument was held.
For the reasons that follow, the defendant's motion for summary judgment must be granted.
 I. STANDARD FOR SUMMARY JUDGMENT
"[S]ummary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . ." (Citation omitted; internal quotation marks omitted.) Mac's Car City, Inc. v. American National Bank, CT Page 8379205 Conn. 255, 261, 532 A.2d 1302 (1987). "[S]ummary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way." (Citation omitted; internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. [A] directed verdict may be rendered only where, on the evidenceviewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted; emphasis in the original.) Id., 751-52. The movant has the burden of demonstrating the absence of any genuine issue of material fact.Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996).
"[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Company ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "The existence of the genuine issue of material fact must be demonstrated by . . . concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof" Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, supra, 231 Conn. 795.
 II. DISCUSSION
CT Page 8380
The defendant argues that there is no genuine issue of material fact as to the defendant's lack of notice of the defect. The defendant argues that the plaintiff's claim, based on premises liability as a business invitee, requires that he prove that the defendant had actual or constructive notice of the defective condition. The defendant argues that the plaintiff's claim is based solely on constructive notice which requires proof that the sandwich was present for such a length of time that the defendant would have known of its existence with reasonable inspection of its premises, and that the plaintiff has offered no evidence demonstrating that the defendant knew, or should have known, by actual or constructive notice, of the presence of the sandwich. The defendant argues that because the plaintiff has failed to prove this element of the claim, the defendant is entitled to summary judgment as a matter of law. The defendant offers as evidence in support of its motion: (1) the plaintiff's deposition and admissions, which reveal that he does not know how the sandwich got there or how long it had been there; and (2) an affidavit of the defendant's store manager, which reveals that the parking lot was routinely checked at 11:00 A.M. and 2:00 P.M. daily and that no other complaint regarding debris was filed that day. The plaintiff's alleged fall was at 12 noon.
The plaintiff responds that it is for the trier of fact to draw inferences from the evidence as to whether the defendant had notice of the specific dangerous condition. The plaintiff further argues that the existence of the sandwich in the parking lot is circumstantial evidence sufficient in itself from which to infer constructive notice.
It is undisputed that the plaintiff was a business invitee, to whom the defendant "owed . . . a duty to keep its premises in a reasonably safe condition." Gulycz v. Stop Shop CompaniesInc., 29 Conn. App. 519, 521, 615 A.2d 1087, cert. denied,224 Conn. 923, 618 A.2d 527 (1992). "For . . . [a] plaintiff to recover for the breach of a duty owed to her as a business invitee, she . . . [has] to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall. . . . Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." (Citations omitted; internal quotation marks omitted.) Fuller v. FirstNational Supermarkets, Inc., 38 Conn. App. 299, 301, 661 A.2d 110
CT Page 8381 (1995). There is no question that the defendant did not have actual notice of the sandwich. Thus, the issue presented is one of constructive notice which "turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it." Gulycz v. Stop Shop Companies, Inc., supra, 29 Conn. App. 521.
"Although circumstantial evidence can establish constructive notice;" Id., 522; no such circumstantial evidence exists here. The plaintiff offered no evidence, direct or circumstantial, to show that the sandwich had been in the parking lot for any period of time to enable the court to infer that the sandwich had been in the parking lot for any length of time. "An inference must have some definite basis in the facts . . . and the conclusion based on it must not be the result of speculation and conjecture." (Citation omitted; internal quotation marks omitted.) Id.
There was no evidence of the condition of the sandwich, whether it had been driven over or stepped on, or anything else which would tend to demonstrate that the claimed defect had existed for such a length of time, that by reasonable inspection, the defendant would or should have discovered it.
In short, the plaintiff offered no evidence whatsoever to support his claim of constructive notice.
Nor has the plaintiff provided any evidence indicating that the parking lot needed to be inspected more frequently or that it had not been inspected as needed. The plaintiff did not produce witnesses or evidence, direct or circumstantial, to sufficiently support the argument that the defendant had constructive notice, or to rebut the defendant's evidence that it was the policy, custom, habit and practice of Burger King to inspect the lot at 11:00 A.M. and 2:00 P.M. daily and that the last inspection was only one hour before the alleged incident. The plaintiff provided no evidence to rebut the defendant's evidence that there was no record of any complaints of litter, garbage or other refuse at the time in question. Furthermore, the plaintiffs admissions indicate that the origin of the sandwich and the length of time it was in the parking lot are unknown and that he has no information from which to infer how long it had been there before he allegedly slipped on it. "While an abundance of evidence is not necessary to show a sufficient length of time existed for CT Page 8382 discovery of the condition . . . some evidence is required." (Citation omitted.) Gulycz v. Stop Shop Companies, Inc., supra,29 Conn. App. 521. Moreover, "[e]vidence which goes no farther than to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant." Morris v. King Cole Stores, Inc., 132 Conn. 489, 494,45 A.2d 710 (1946).
Viewed in the light most favorable to the plaintiff; Gupta v.New Britain General Hospital, supra, 239 Conn. 582; and based on the totality of the evidence, it cannot be found that the defendant had constructive notice of the sandwich in the parking lot. Nor can it be inferred that the sandwich was present for a period of time sufficient for the defendant, in the excercise of reasonable care, to have known of it. There is no issue of fact which can be reasonably determined or reasonably interred which supports any conclusion but that the plaintiff has failed to produce sufficient evidence to support the claim that there is a genuine issue of material fact as to the constructive notice of the sandwich to the defendant. The defendant having demonstrated the nonexistence of a genuine issue of material fact, is therefore entitled to judgment as a matter of law.
 CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment must be and is granted.
Teller, J.