[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was brought before the court for trial without a jury on September 2, 1998. After considering testimony by the plaintiff and defendant's representative as well as all exhibits admitted into evidence, the court makes the following findings of fact and conclusions of law.
Plaintiff brought this action to recover damages for injuries allegedly sustained when he fell as he entered a bathroom facility of the subject McDonalds restaurant owned by the defendant. Plaintiff testified at trial that he was on defendant's premises at about 11 a.m. on August 11, 1995, that he placed his order, then walked two or three steps into the bathroom, where he slipped and fell in a puddle of water. He sought medical attention and incurred expenses for emergency room and chiropractic treatment. Plaintiff claims damages for pain, suffering and reimbursement for his medical expenses. CT Page 10379
Defendant's representative who testified at trial was the manager on duty at this McDonalds on the evening of the incident in suit. She testified that the plaintiff did report the incident and that she accompanied him to the bathroom and saw a small puddle of water near one of the urinals, but it was not in the area that plaintiff claimed to have fallen. She also testified that the bathrooms are checked every thirty minutes and that defendant had no actual notice of the alleged defective condition. Plaintiff testified that he thought the water came from a sink that was clogged. He did not know how long the water had been on the floor before he fell.
In order for the plaintiff to prevail in this case, he must allege and prove by a preponderance of the evidence that the defendant had actual or constructive knowledge of the presence of the specific unsafe condition that caused his fall. Fuller v.First National Supermarkets, Inc., 3, 8 Conn. App. 299, 301,661 A.2d 110 (1995). In Fuller, the plaintiff's case was pleaded and tried on the premise that the defendant created the condition that resulted in plaintiff's injuries, thereby permitting the inference that defendant had actual notice of the defective condition on its floor. Id. at 303. In the instant case, however, plaintiff produced no evidence to establish that the defendant had actual notice of the alleged defect. The question whether the defendant had constructive notice of water on the floor "[t]urns on whether the [defective] condition existed for a length of time sufficient for the defendant's employees, in the exercise of reasonable care, to discover the defect in time to have remedied it." Gulycz v. Stop Shop Companies, Inc.,29 Conn. App. 519, 521, 615 A.2d 1087 (1992), citing McCrorey v.Heilpern, 170 Conn. 220, 221, 365 A.2d 1057 (1976). Significantly, no evidence was presented at trial as to how long the water was on the floor or whether defendant knew water was on the floor of its bathroom facility at the time of the incident in suit.
Accordingly, the court concludes that plaintiff failed to sustain his burden of proving that defendant had actual or constructive knowledge of the alleged defective condition which allegedly caused his injuries and damages. Judgment is hereby entered in favor of the defendant.
PELLEGRINO, J. CT Page 10380