[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this action claims an injury to her back sustained as a result of a fall on the premises of the defendant Stop Shop on June 6, 1996. The answer filed by the defendant admits the presence of the plaintiff on the defendant's premises on the date in question as well as ownership and control of the area of the plaintiff's fall.
It was the plaintiff's claim at the trial that she slipped in turning to go down one of the aisles in the course of her shopping and that the cause of her fall was vegetable oil which had been spilled or deposited on the surface of the floor. It was CT Page 11346 her further claim that the oil appeared "dirty" and that there were footprints or tracks going down the aisle suggesting that the oil had been on the floor for an appreciable length of time.
The plaintiff offered in evidence a videotape (Plaintiffs Ex. 23) which covered the location in question for a considerable period of time, some several hours before the plaintiff's fall, and up to the time of her fall. This film demonstrated that customers traversed this area without incident up to the time of her fall and time-wise to within a minute or so of her actual fall. None of the individuals pictured on the film appeared to point out anything unusual on the floor, move to avoid it or give any indication of a problem with the surface of the floor at that location. One individual shortly before the fall appeared to start down the aisle but reversed course before entering the area where the plaintiff fell. It would be simply pure surmise and speculation for the court in reviewing her change of mind to conclude that it was her observation of the presence of oil or a foreign substance on the floor. If the court were to conclude that she in fact observed the Wesson oil on the floor it would be according to the videotape still only moments before the plaintiff's fall.
It is the claim of the plaintiff in her complaint filed October 23, 1996 that the defendant through its agents, servants and employees were negligent in maintaining the area where she fell by not keeping it in a condition reasonably safe for patrons shopping in the defendant's facility. There was no evidence offered to indicate that store personnel were aware of the condition of the floor prior to the plaintiff's fall.
The defendant as the owner and occupier of premises to which the public is invited has an obligation under the law to keep and maintain the premises in a reasonably safe condition for patrons. They have an obligation to not only maintain the premises in such a fashion but also to make themselves aware by reasonable inspections of conditions likely to cause harm to patrons on the premises.
In the absence of actual notice, and there is none claimed or established by the evidence, liability may attach to the defendant only if the evidence demonstrates that the defendant should have had constructive notice of the condition causing the plaintiff's fall. If the defendant had actual or constructive notice of the defect within a reasonable time to remedy it and CT Page 11347 failed to do so the plaintiff is entitled to recover damages for the defendant's negligence. See Gulyez v. Stop Shop Cos.,29 Conn. App. 519.
While an abundance of evidence is not necessary to show the defect existed for a sufficient time to permit discovery of the condition some evidence is required.
The videotape appears to conclusively demonstrate that the Wesson oil on the floor as claimed by the plaintiff as being the cause of her fall and resultant injuries and damages could not have been there for such a period of time so as to reasonably afford the defendant an opportunity to discover and remedy the condition prior to the plaintiff's fall.
Accordingly, judgment may enter for the defendant together with costs.
George W. Ripley Judge Trial Referee