[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Wal-Mart Stores, Inc., moves for summary judgment in response to plaintiff's complaint dated April 13, 1999, in which plaintiff alleges she was injured in an accident while shopping in one of defendant's retail stores.
The plaintiff seeks compensation for personal injuries she allegedly sustained as the result of a slip and fall accident on April 28, 1997, on the premises of the defendant's store located at 474 Boston Post Road in North Windham, Connecticut. Plaintiff claims that while walking down an aisle of said store, she was "caused to slip and fall on a foreign substance and sustain . . . serious injuries, losses and damages." Plaintiff's Complaint, ¶ 6. Plaintiff claims that her injuries and losses were the result of the defendant's negligence and carelessness. Id. ¶ 7. Plaintiff later claimed that a single green grape was the cause of her fall. Plaintiff's Deposition, p. 51. It is uncontroverted that the store in question neither stocks fruits or produce for sale, nor contains any other establishments, such as fast food restaurants, that sell food items.
Summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49. When deciding a motion for summary judgment, courts must view the evidence in the light most favorable to the nonmoving party. Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24
(1999). The test to be applied when determining a motion for summary judgment is whether a party would be entitled to a directed verdict on the same facts. Lunn v. Cummings Lockwood,56 Conn. App. 363, 370 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact, while the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double ATransportation, Inc., supra.
The existence of a material fact must be demonstrated by concrete evidence. Page v. Burger King Corporation, Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 3106 Docket No. 561567 (July 2, 1998). When a party moves for summary judgment and there are no contradictory affidavits, the court properly decides the motion by looking only to the sufficiency of the movant's affidavits and other proof. Id. (Internal quotation marks omitted).
It is undisputed that the plaintiff was a business invitee of the defendant, and as such, the defendant owed plaintiff a "duty to keep its premises in a reasonably safe condition." Gulycz v.Stop Shop Cos., 29 Conn. App. 519, 521 (1992). Likewise, "if that duty was breached, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be allowed to recover damages for [her] injury." Id. In order for the plaintiff to recover for a breach of duty owed her as a business invitee, she must allege and prove "that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall." Fuller v. First National Supermarkets, Inc.,38 Conn. App. 299, 301 (1995). "Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." LaFaive v. DiLoreto,2 Conn. App. 58, 60 (1984).
In the present case, plaintiff makes no allegations that the defendant had actual notice of the defect. Plaintiff offered no evidence to prove actual notice, and plaintiff herself stated in her deposition that she didn't know if the defendant was aware of the grape on the floor or how long the grape was on the floor. Plaintiff's Deposition, p. 65.
The issue here then is whether the defendant had constructive notice of the defect. Constructive notice "turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it." Gulycz v. Stop ShopCos., supra. "While an abundance of evidence is not necessary to show a sufficient length of time existed for the discovery of the condition, some evidence is required." Id. When some evidence has been submitted, the question of what amounts to a reasonable period of time becomes a question of fact to be determined on the basis of the surrounding circumstances in the case. Id. Both direct and circumstantial evidence may establish constructive notice. Id. 522. CT Page 3107
The plaintiff in this case is unable to meet the notice requirement necessary for her to succeed on her claim of premises liability against the defendant. Although circumstantial evidence can establish constructive notice, no such evidence was produced by plaintiff. No evidence has been produced to indicate how long the grape was on the defendant's floor. Plaintiff admits that she does not know how long the grape had been on the floor. Plaintiff's Deposition, p. 65. Plaintiff "offered no evidence, direct or circumstantial, to show that the defect had existed for any period of time so as to enable the court to exercise its function as factfinder." Urda v. Stop Shop Companies, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165506 (Feb. 23, 1999).
Furthermore, no evidence exists to allow the court to infer how long the grape was on the floor before plaintiff allegedly slipped on it, since no evidence was produced to permit such an inference. "An inference must have some definite basis in the facts; and the conclusion based on it must not be the result of speculation and conjecture." Id. "[E]vidence that goes no farther than to show the presence of a slippery foreign substance does not warrant an inference of constructive notice to the defendant." Page v. Burger King Corporation, supra.
Plaintiff's own admissions tend to indicate that the grape was not on the floor for an extended period of time. Plaintiff contends that the aisle where the grape was located was a well-traveled area of the store, yet plaintiff stated in her deposition that the grape was lime green and it felt like it squashed or crunched when she stepped on it. Plaintiff's Deposition, p. 51, 53. These statements indicate that the grape was still intact. The appearance of the grape and its location in a high traffic area of the store, do nothing to bolster plaintiff's contention that the defendant had or should have had constructive notice of the grape.
In Page v. Burger King Corporation, supra, which involved a slip and fall on a sandwich located in the parking lot of the defendant, the court noted, "[t]here was no evidence of the condition of the sandwich, whether it had been driven over or stepped on, or anything else which would tend to demonstrate that the claimed defect had existed for such a length of time. . . that the defendant would or should have discovered it." Id. This same lack of evidence regarding the length of time the defect existed is apparent in the present case. CT Page 3108
Evidence sufficient to establish constructive notice on the part of a defendant in such a slip and fall case was found in the factually similar case of Gaetano v. Stop Shop Co., Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052068 (Feb. 23, 1998). In Gaetano, the court imputed constructive notice to the defendant of the defect on the floor (a bunch of grapes) based on the fact that the "the grapes were observed on the floor . . . one-half hour before the plaintiff's fall, the plaintiff slipped in an area [in] which a whole bunch of grapes were smushed on the floor, and [the grapes] appeared dirty according to the plaintiff." Id.
Based on that evidence, the court concluded "that the defendant in the exercise of reasonable care should have known of the condition of the floor where the plaintiff fell and failed to remedy it and consequently [the defendant] is liable for the injuries sustained by the plaintiff." Id. It is apparent, even viewing the facts in a light most favorable to the plaintiff, that in the instant case plaintiff has failed to produce the quantum of proof needed to establish a factual dispute regarding constructive notice on the defendant's part.
Since the plaintiff does not allege that the defect was, in fact, caused by the defendant or any of its agents, servants, or employees, plaintiff must establish the requisite element of notice in order to attach liability to the defendant. See, Tuitev. Stop Shop Companies, Inc., 45 Conn. App. 305, 308 (1997) (plaintiff need not prove that a defendant had actual or constructive notice of a dangerous condition when plaintiff claims the defendant's employees created the condition); Fullerv. First National Supermarkets, Inc., supra. It is clear that plaintiff is unable to satisfy the notice requirement.
Viewed in a light most favorable to the plaintiff, and based on the totality of the evidence, it cannot be found that the defendant had either actual or constructive notice of the grape on the aisle floor. "There is no issue of fact which can be reasonably determined or reasonably inferred which supports any conclusion but that the plaintiff has failed to produce sufficient evidence to support the claim that there is a genuine issue of material fact as to the constructive notice of the [grape] to the defendant." Page v. Burger King Corporation, supra. The defendant, therefore, is entitled to a judgment as a matter of law. CT Page 3109
Based on the foregoing, the defendant's motion for summary judgment is granted.
Sferrazza, J.